CASE 84—ACTION ON CONTRACT—FEB. 15.

# Brown v. Dalton, Etc.

105 669
c118 634

APPEAL FROM MERCER CIRCUIT COURT.

CONFLICT OF LAWS—HUSBAND AND WIFE.— A husband domiciled in this State can not maintain an action against his wife in the courts of this State upon a contract made here whereby land is conveyed in Virginia upon the wife's covenant to assume a debt of the husband's, although such a contract might be valid under the laws of the latter State.

GAITHER AND VANARSDALL, FOR APPELLANT.

1. Brown could sue J. C. Dalton upon the contract made by her for his benefit. Beach on Modern Law Contracts, vol. 1, p. 236; same, 247; Jones v. Higgins, 80 Ky., 409; Whalen v. Juda, 5 Ky. Law Rep., 316; Benge v. Hiatt's Admr., 82 Ky., 667.

2. The contract between Dalton and his wife was made with refer-
ence to the laws of the State of Virginia and was to be per-
formed in that State; it was not complete until the deed was
recorded in the office of the Wise County Court in that State, in
which county the land conveyed by the deed from J. M. Dalton
and wife to the wife is situated. The contract is, therefore, to
be tested by the laws of the State of Virginia. Goddin v. Ship-
ley, 7 B. M., 577; Stevens v. Gregg, 89 Ky., 463; Am. & Eng.
Ency. of Law, vol. 3, p. 561; same, 563, 565; Saul v. Sill's Credit-
ors, 17 Martin, 569; Bell v. Parkard, 69 Me., 105.

THOMPSON & WILSON, AND CHARLES T. CORN, FOR THE APPEL-
LEES.

1. The plaintiff, Brown, could not maintain this action against
Mrs. Dalton because there is no contractual relation between
them. Burton v. Larkin, 13 Pac. Rep., (Kan.), 398; Wright v.
Terry, 2 Sou. Rep., (Fla.), 6.
2. Mrs. Dalton being at the time of the contract *non sui juris* could
make no contract which imposed upon her a personal responsi-
bility. Henderson v. Pickett, 4 Mon., 59; Taylor v. Bate, 4
Mon., 268; Boyd v. Bethel, 10 Ky. Law Rep., 470; Short v.
Trabue, 4 Met., 301; Greenwade v. Greenwade, 3 Dana, 495;
Jones v. Bank of Tennessee, 8 B. M., 122; Root v. Merriwether,
8 Bush, 401; Collitt v. Lord Keith, 2 East., 260; Hawes v.
Broughton, 10 Wend., 75; Tyler v. Trabue, 8 Bush, 306.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

This is an action by appellant to recover of appellee
the amount of a note, dated January 25, 1890, executed
at Big Stone Gap Va., by appellant, for $533.33, pay-
able at the Bank of Big Stone Gap, Va., and due in twenty
months after date. It is alleged in the petition that the
note is a part of the purchase money for some lots in the
town of Big Stone Gap, which were conveyed to appel-
lant on the date of the note; that on February 20, 1890,
appellant conveyed the property to J. M. Dalton, and as
a part of the consideration for the conveyance, J. M. Dal-
ton assumed the payment of this note; that on December
1, 1890, J. M. Dalton conveyed the property to appellee,

J. C. Dalton by deed, which she accepted and put to record in Virginia, in which she assumed the payment of the note; that she failed to pay it; that appellant had been sued upon it, and had paid it; and that the property for which it was given, and on which a lien was retained to secure it, had been sold, and only satisfied a small part of the note.  It also appears that appellee, J. C. Dalton, is the wife of J. M. Dalton, and was his wife when all these transactions took place; that their home is, and during all this time has been, at Harrodsburg, in this State; and that the transaction between appellee and her husband, by which the land was conveyed to her and she assumed the payment of this note, was made there.  It is alleged that by the law of Virginia a married woman at this time had the right to contract as a *feme sole*, and it is insisted that this is a Virginia contract, as the land lay in Virginia, and the note which appellee assumed was payable there, and that, being a Virginia contract, and valid there, it may be enforced in this State, although appellee, at the time of its execution, was a married woman domiciled in this State, without capacity to make such a contract by the laws of this State.  On the other hand, it is contended for appellee that appellant has no privity with her, and can not sue her upon the contract; also, that as the contract was in fact made in Kentucky by the wife with her husband, at the place of their domicile in this State, the courts of this State will not enforce the contract against her.

Without considering the first objection, we will take up the second, which seems to us decisive of the controversy.  If appellant has any cause of action by reason of the contract made by appellee with her husband, J. M. Dalton, it is clear that she can have no better right than

J. M. Dalton has, and that if J. M. Dalton, on the facts alleged, could not maintain an action, then neither can appellant. The question, therefore, is, could J. M. Dalton maintain an action against his wife on the covenants of this deed, and recover a personal judgment against her?

How far the courts of a State, where the common law rules of coverture prevail, will enforce personally against a married woman a contract governed by the laws of another State, where she is allowed to contract as a *feme sole*, is a question on which the courts are not agreed. In Milliken v. Pratt, 125 Mass., 374, [28 Am. Dec., 241], such a contract was sustained, on the ground that the common-law rule of the total incapacity of a married woman to contract had been changed by the statute in Massachusetts; but it was said by the court that where the incapacity of a married woman is the settled policy of the State, for the protection of its own citizens, it could not be held by the courts of that State to yield to the law of another State, in which she might undertake to contract. In the subsequent case of Armstrong v. Best, 112 N. C., 59 [34 Am. S. R., 473; 25 L. R. A., 188; 17 S. E., 14], the precise question suggested in Milliken v. Pratt came before the court, married women in North Carolina standing under the law just as in Kentucky. The court refused to enforce the contract against the married woman, on the ground that the common law disability of a *feme covert* still obtained, and that she could not charge her property, except as provided by law.

Among other things, the court said: "In Johnston v. Gawtry, 11 Mo. App., 322, it was held that where a married woman, having a separate estate in land in Missouri, makes a contract in another State, her capacity to make the contract and its validity

Brown v. Dalton, &c.

are to be determined by the law of Missouri, in a suit in a Missouri court to enforce such contract. In Louisiana Bank v. Williams, 46 Miss., 618, [12 Am. R., 319], the contract was made in Louisiana, where it would have been valid against the *feme* defendant. The suit was brought in Mississippi, the place of her domicile, and under whose laws the contract was void by reason of her coverture. The opinion of the court is very elaborate, and, although the special character of the Louisiana law is referred to, it is believed that its reasoning is of general application. The court said: 'It is the prerogative of the sovereignty of every country to define the condition of its members— not merely its resident inhabitants, but others temporarily there—as to capacity or incapacity. But capacity or incapacity as to acts done in a foreign country, where the person may be temporarily, will be recognized as valid or not, in the forum of his domicile, as they may infringe or not its interests, laws, and policies,' "

Under the laws of Kentucky at the time of this transaction, the appellee, Mrs. Dalton, was under the power of her husband. She had no separate legal existence. All her personal property vested in him upon their marriage. He was entitled to the rents on her real estate, and she could not charge it, except for necessaries. Her husband was constituted by law her protector, and no contract between him and her could be enforced against her. In Scarborough v. Watkins, 9 B. Mon., 545, [50 Am. Dec., 528], this court said: "It is a maxim of the common law that the husband and wife can not make a valid contract with each other during the coverture. The reason generally assigned is that, the wife having lost her legal unity, she and her husband are one person, in legal con-

[ 43 ]

templation, and it would be absurd for any person to enter into a contract with himself. This, however, is not the true reason. · . . . The true reason of the rule is that the wife is under the coercion of the husband, and, being thereby deprived of the freedom of volition, should not be bound by her contracts with him."

In Orr v. Orr, 8 Bush, 159, the husband had conveyed land to the wife upon her agreement to pay certain money. She failed to pay it, and this was relied on to show a failure of consideration; but it was held that the promise of the wife to the husband imposed no legal obligation, and her failure to comply with the promise did not affect the deed. As J. M. Dalton and wife, at the time of the transaction in contest, were domiciled in this State, had been married here, and had always lived here, and he had control not only of the wife's person, but possession of all her property, with the power to control her actions, it seems clear that the courts of this State should not enforce any contract made by her with him during this relationship. This transaction is clearly contrary to the public policy of this State, as defined in the statutes in force when it was made, and, if it could be enforced, the door might be open for grave abuses. The wife was entitled, not only to the protection of the husband, but to his counsel and guidance in the management of her affairs, and she had learned that it was her duty to submit to him. If, when the law had imposed this duty upon her, it shall allow him to make contracts with her to pay his debts, and enforce these contracts against her, because the debt is payable in another State, it will defeat the purposes of the statute framed to protect married women, and prevent their property being wasted.

Appellant was no party to this contract. We do not

see that he has been injured in any way, and, as the husband could not be permitted to maintain this action against his wife, the court below properly sustained a demurrer to appellant's petition.

The judgment is therefore affirmed.

---

CASE 85—AGREED CASE—FEB. 16.

APPEAL FROM MERCER CIRCUIT COURT.