CASE 79—ACTION BY R. M. STROUD AGAINST THE HEIRS OF HIS DE-
CEASED WIFE TO ENFORCE A WRITTEN CONTRACT MADE BETWEEN
HIMSELF AND WIFE.—SEPTEMBER 23.

# Stroud v. Ross and Others.

APPEAL FROM DAVIESS CIRCUIT COURT—WILLIAM T. OWEN, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

HUSBAND AND WIFE—CONTRACTS OF WIFE—VALIDITY—WIFE'S PROPERTY
—IMPROVEMENT BY HUSBAND—REIMBURSEMENT.

1. Under Ky. St., 1903, sec. 2128, authorizing a married woman
to purchase and dispose of her personal property as though un-
married, and to sell, mortgage, or convey her real estate on being
joined by her husband and declaring that any gift or transfer of
personal property between husband and wife shall not be valid as
to third persons unless in writing acknowledged and recorded, an
unacknowledged and unrecorded contract between husband and
wife, by which it was agreed that, in case of the death of either,
the property of the other should go to the survivor and his heirs,
forever, was unenforceable as against the heirs of the wife, who
predeceased her husband.

2. Where a husband purchased land with his own money in the name
of his wife, on the faith of an invalid contract between them by
which she agreed, in case she died first, that her husband should
have all her property, the husband, on such agreement being de-
clared void, was entitled to reimbursement for the amount ex-
pended for the purchase, and for improvement of such real estate,
either by a sale of the property or a transfer of the title to him;
but he was not entitled to be reimbursed for taxes paid thereon,
nor for improvements made on real estate which his wife owned,
and to purchase which he did not contribute his own money.

SWEENEY, ELLIS & SWEENEY, FOR APPELLANT.

1. We insist that a written contract signed by both husband and
wife agreeing that at the death of either, the survivor shall own all
the property belonging to the one first dying, is an enforcible
contract by the husband where the wife died without issue.

2. Such a writing is either (1) a will between the parties; (2)

Stroud v. Ross et al.

an agreement to make a will; (3) a compact or contract between husband and wife entitling the survivor to a conveyance of all the real estate of which the one dying was seized; or (4) it is a family agreement which the court will uphold. Sections 2128, 2129, Ky. Statutes.

3. Since the passage of the law of March 15, 1894, a married woman may sell, convey, or mortgage her property, or make an executory contract with her husband, and such contract will be upheld in the absence of fraud or oppression. Schouler's Domestic Relations (5th Ed.), sec. 100; Osborne v. Cooper, 59 Am. St. Rep., 117; Hendricks v. Isaacs, 15 Am. St. Rep., 524; Polsen v. Stewart, 57 Am. St. Rep., 452; Williams v. Harris, 46 Am. St. Rep., 753; Eckermeyer v. Hoffenmier, 98 Ky., 724; Newby v. Cox, 81 Ky., 258; Livingston v. Livingston, 2 Johnson's Chy. Rep., 537.

4. Where a husband expends his own money for the improvement of his wife's real estate or pays for property which is conveyed to her he is entitled at her death to a lien of the property improved for the sum he expended thereon, or to have the property he paid for reconveyed to him. Haussman v. Haussman, 21 Am. St. Rep., 74; Hendricks v. Isaacs, 15 Am. St. Rep., 534; Hill v. Harding, 92 Ky., 76; Breathitt v. Whittaker's Ex., 8 B. Mon., 53; Lewis Schofield, 51 Am. Decisions, 407; Hogan v. Hogan, 39 Lea., 436; Brown v. Dalton, 20 R., 1484; See also Moayan v. Moayan, 24 R., 1642.

MILLER & TODD, ATTORNEYS FOR APPELLEES.

### SYNOPSIS.

1. Statement.

2. The contract relied on is not a will. It is not witnessed by any one and is not wholly in the handwriting of the decedent. Besides, it is not testamentary in character, and holds the language of contract simply.

3. The contract relied on is not a conveyance, it is not executed in the manner required by the statute for the execution of deeds of married women, and it was never acknowledged as a deed.

4. The contract is not valid as an executory agreement for the sale or conveyance of the wife's land, for the reason that the wife is prohibited by statute from making such a contract.

5. The amended petitions tendered were properly refused.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

R. M. Stroud and Delia Stroud were married in 1886, and

lived together as husband and wife until the death of Mrs.
Stroud in 1901. No children were born to them. On the
26th of October, 1898, the following writing was drawn by
R. M. Stroud and signed by him and his wife: "South Car-
rolton, Ky., October 26, 1898. This agreement, made and
entered into by and between R. M. Stroud and Delia Stroud,
his wife, by mutual consent and of their own free will, and
do enter into the following agreement for their own protec-
tion in case of the death of either party, namely, to-wit:
That all of our property, both personal and real, that we
have now, or that may come into our possession hereafter,
either by deed or purchase, shall revert to the one that sur-
vives, and to be his or hers as the case may be, forever. And,
furthermore, he or she, as the case may be, shall have the
right to sell and convey said property to the best advantage.
R. M. Stroud. Delia Stroud." Mrs. Stroud at her death
held the title and was in possession of several tracts of land
situated in Daviess, McLean, and Muhlenberg counties, in
this State. After the death of Delia Stroud, appellant
brought this action in the Daviess circuit court against the
appellees, heirs at law of his deceased wife, claiming that by
virtue of the above writing he held the fee-simple title to
all the real estate owned by his wife at the time of her death,
asking that his title thereto might be quieted. A general
demurrer was sustained to the original petition, and the ap-
pellant tendered and moved to file an amended petition, in
which he alleged that after the execution of the writing,
supra, by himself and wife, and believing that it was a valid
and enforceable obligation, he purchased a lot in the town
of Sacramento, McLean county, Ky., which he paid for with
his own money, and had the title thereto taken to his wife;
that he subsequently erected on this lot a dwelling house,
barn, cistern, and other out-buildings at the cost to himself

Stroud v. Ross et al.

of more than $1,200; and that he also subsequently, relying upon the agreement between himself and wife, purchased of one Ross an undivided interest in a certain tract of land in Muhlenberg county, for which he executed his individual promissory note for $250, and had the title to the property taken to his wife, Delia Stroud. He also alleged that he had expended divers sums of money in the payment of taxes on real estate owned by his wife in her own right, and asked that he be adjudged a lien upon these two separate pieces of real estate for the money so advanced by him upon the faith of the agreement, or that the title thereto should be taken to him. The trial court refused to allow the amended petition to be filed, and dismissed plaintiff's petition, and he brings his case to this court and asks a reversal. The questions to be decided upon the appeal are: First, whether the writing sued on is enforceable as against the heirs at law of the deceased wife; second, if not, whether any equity in favor of the appellant arises, in consequence of his belief in its validity, which would authorize a court of equity to direct the repayment to him of moneys advanced in the purchase and improvement of real estate, the title to which was taken to his wife.

It is contended by counsel for appellant that the act of March 15, 1894, which is embraced between sections 2127 and 2148 of the Kentucky Statutes of 1903 has the effect of removing all the disabilities imposed by coverture upon the wife, and authorizes her to make a valid contract with her husband for the conveyance to him of her separate estate. While under section 2128 of the Kentucky Statutes of 1903 a married woman may purchase and dispose of her personal property in her own name as if she were unmarried, and may make contracts, sue, and be sued as a single woman, she

cannot sell, mortgage, or convey her real estate unless her
husband join in such contract.  The statute also provides
that any gift, transfer, or assignment of personal property
between the husband and wife shall not be valid as to third
persons, unless the same be in writing, acknowledged, and
recorded.   In Brown v. Dalton, 105 Ky., 669; 49 S. W., 443, 20
Ky. Law Rep., 1484, the appellant executed a note for unpaid
purchase money on real property, which he afterwards trans-
ferred to one Dalton, who assumed to pay the note.  Dalton
transferred his purchase to his wife, J. C. Dalton, and she as-
sumed to pay the note.  The appellant having been compelled
to pay the note to his vendee, a Virginia corporation, in-
stituted action to recover thereon from the wife in Kentucky.
In that case it was held that the contract of the married
woman imposed no personal liability upon her, the court
saying:  "This transaction is clearly contrary to the public
policy of this state as defined in the statutes in force when it
was made, and if it could be enforced the door might be
opened for grave abuses.  The wife was entitled, not only
to the protection of the husband, but to his counsel and
guidance in the management of her affairs, and she had
learned that it was her duty to submit to him.  If, when
the law had imposed this duty upon her, it shall allow him
to make contracts with her to pay his debts, and enforce
these contracts against her because the debt is payable in
another state, it will defeat the purpose of the statute,
framed to protect married women and prevent their property
being wasted."   In the case of Higgins v. Stokes, 74 S.
W., 251, 24 Ky. Law Rep., 2427, the appellant owned the
fee simple title to a tract of land, which her husband sold
and conveyed to the appellee, but she did not unite in said
conveyance.  Appellee took possession thereunder and held
it continuously until the death of the husband in 1900.  The

wife instituted her action, after the death of her husband, to recover possession of the land.  Appellant pleaded as a defense that the plaintiff's disability as a married woman was removed by the act of March 15, 1904, and that under section 2510 of the Kentucky Statutes of 1903 her right to recover the land in controversy was barred by limitation. It was decided that the mere fact that a married woman could have brought her suit during coverture did not deprive her of the benefit of the exception in her favor in the statutes of limitation.  While the common law rule prohibiting married woman from entering into legal contracts has been largely modified by the statute, and she may now carry on business on her own account, and as an incident to these rights enter into enforceable contracts with third persons for the purchase and sale of personal property without the consent of her husband to the same extent as though she were a *feme sole*, the common law disability to deal with her husband or make binding contracts with him has not been changed in this State by legislation respecting the rights of married women; and we are therefore of the opinion that appellant acquired no rights enforceable at law by virtue of the contract entered into with his wife previous to her death.

But the jurisdiction of the chancellor has been frequently exercised to enforce contracts and agreements for settlements made between the husband and wife, both before and after marriage, in favor of the wife; and it has also been exerted, though less frequently, to enforce agreements in favor of the husband, when the facts and circumstances clearly so warrant.  In Livingston v. Livingston, 2 Johns. Ch., 537, a husband and wife agreed by parol that he should purchase a lot in her name and build a house thereon, and that he should be reimbursed the cost thereof out of the pro-

ceeds of another house and lot of which she was seised, which should be sold for that purpose; and, the husband having executed the agreement on his part, the contract failed by the sudden death of the wife, who left infant children, to whom the legal estate in both lots descended. At the petition of the surviving husband, it was decreed by the chancellor that the agreement should be carried into effect. The doctrine of this case was approved in Hinman v. Parkis, 33 Conn., 197, in Burdeno v. Amperse, 14 Mich., 96, 90 Am. Dec., 225, and in numerous other cases; and we are of the opinion that to the extent appellant, on the faith of the agreement entered into with his wife, advanced his own money for the purchase and improvement of real estate, the title to which was taken to her, after the execution of the obligation between them, he is equitably entitled to be reimbursed therefor, either by the sale of the property or a transfer of the title to him. But he is not entitled to be reimbursed for taxes paid thereon, or for improvements made upon real estate which she owned in her own right, and to the purchase of which he did not contribute his own money.

We are therefore of the opinion that the trial court erred in overruling the motion to file the amended petition, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.