CASE 29.—ACTION BY THE ADMINISTRATOR OF LEWIS
WAHL AGAINST JACOB EBERHARDT AND
OTHERS IN WHICH ELLA EBERHARDT THE
WIFE OF JACOB EBERHARDT INTERVENED.—
January 9.

# Eberhardt and others v. Wahl's Admr.

124 223
e135 828

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff. Defendant and intervener
appeals. Reversed.

1. Husband and Wife—Transactions Between Husband and Wife
—Validity as to Third Persons.—Ky Stat. 1903, sec. 2128,
provides that a transfer of personalty between husband and
wife shall not be valid as to third persons, unless in writ-
ing and acknowledgement and recorded as a chattel mort-
gage, and that a wife may make contracts and sue and be
sued as a single woman. A husband executed two notes,
for the same amount, to a bank to secure a loan, pledging
shares of stock belonging to him as collateral to secure the
first note, and the wife pledged shares of stock belonging
to her to secure the second. She paid off the first
note with her own means, whereupon the bank released
the husband's stock. The intention was to pay the
note for which her stock was pledged, and on discover-
ing the mistake the husband delivered to the wife his shares
in pledge to secure the sum she had paid for him. Held,
in a suit by a creditor of the husband to discover assets,
in which his stock was attached, that the agreement between
the husband and wife that his stock should be held as
security to indemnify her against loss not having been in
writing or recorded was not enforceable as against the debt
of plaintiff, but that the judgment should have subjected the
husband's stock first to the payment of the amount paid for

him by the wife, and that any surplus should then be applied to plaintiff's debts.

2. Same—Actions—Burden of Proof.—Under the married woman's act, where a wife claims an interest in the husband's property by reason of a payment made by her on his behalf, the burden is not upon her to show affirmatively that the money was her separate estate.

MILLER & TODD for Appellant.

## POINTS AND AUTHORITIES.

1. The transfer of a secured debt carries with it the securities by which same is secured.

2. Since the adoption of the act of March 15th, 1894, known as the Weissinger Act, a married woman has full power and authority to pledge or place in lien her property, both real and personal, to answer for the debt, default or misdoing of another, her husband included, by setting the same apart for that purpose, as provided in said act. (Kentucky Statutes, 2127; Hall v. Hall, 25th Law Reporter, 553; New York Life Insurance Company v. Miller, 22 Law Rep., 230.)

3. Since the act of March 15th, 1894, it is competent for a wife to contract with her husband, and she may take from him an obligation enforcible at law or in equity. (Price v. Price, 25th Law Reporter, 1803; Parker, Jones & Steele v. Parker, 25th Law Rep., 2193.)

4. The act of March 15th, 1894, abolished the doctrine that in a contest between a wife and her husband's creditors, the personal estate of the wife was presumed to belong to the husband in the absence of any showing on the part of the wife that it was her separate estate. (Kentucky Statutes, sections 2127 and 2128; Clark, &c. v. Meyers, 24th Law Reporter, 380.)

W. E. AND GEO. V. TRIPLETT for Appellee.

## POINTS AND AUTHORITIES.

1. We contend, that appellant, Mrs. Eberhardt has no lien on the 10 shares of the stock purchased by her husband and now in her hands because, there has been no evidence introduced nor is it alleged in her answer that she had any separate estate, or that she has any means, or performs any labor by which she can make money to pay for property.

The evidence does show that Jacob Eberhardt's family consists

of only himself and wife, and that he now receives, and has been receiving, for several years, about $55.00 per month. The following cases hold that the burden of showing that money paid for property, by a wife belongs to her, as her separate property, is on the wife, otherwise it will be presumed, that it belongs to the husband. (Treadway v. Turner, 10 Ky. Law Rep., 950; Robertson v. Robertson, 13 Ky. Law Rep., 505; Ruggles v. Robinson & Co., 22 Law Rep., 437; Wahl v. Murphy, 10 Ky. Law Rep., 389; Edelmuth v. W. Bryant, 21 Ky. Law Rep., 929; Robinson v. Woolstain, 22 Rep. 883; Winginton v. Mulet, 88 S., W., 1082; Clark v. Mercer, 24 Ky. Law Rep., 382.)

We further contend that Mrs. Eberhardt has no lien on the 10 shares belonging to her husband, by reason of her having deposited her shares as collateral for the second note, because she is not liable for the debt of her husband except where she follows the provisions of the Kentucky Statute contained in section 2127. (Lyon v. Lyon, 72 S. W., 1102, 24 Ky. Law Rep., 2100; Planters Bank and Trust Co. v. Major, 76 S. W., Rep. p. 331; S. W. Travis Co. v. Wood, 20 Ky. Law Rep., page 1819; Deposit Bank of Carlisle v. Stitt, Ky. Law Rep., page 671; Postell v. Crambaugh, 23 Ky. Law Rep., page 2173.)

3. We further contend that even if Mr.s Eberhardt had paid her own money on her husband's debt, and taken his stock as collateral, the stock is still subject to his debts, because she has no enforcable claim against her husband, and could not sue him for the payment of the debt she claims against him even to enforce her alleged lien. (Lehay v. Lehay, 97. Ky., page 59; Kalfus v. Kalfus, 92 Ky., 542; Brooks Walerfield v. Frisbie, 18 Rep., page 555.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Reversing.

Appellee, as judgment creditor of Jacob Eberhardt, brought this equitable action to discover assets, and attached 10 shares in the Vollman Buggy Body Company, standing in Jacob Eberhardt's name. Ella Eberhardt, wife of Jacob, intervened, claiming the the stock was in pledge to her under the following conditions: Her husband borrowed $500 from a bank to buy the stock. He executed two notes of $250 each

to evidence the debt. To secure the bank, he pledged his stock to secure the first of the notes, and· she pledged 10 shares of stock in her own name to secure the second. She paid off $250 of the debt, the first note, with her own means, whereupon the bank released the husband's stock. The intention was to pay off the debt on which her stock was pledged. But, by mistake, the other note was paid off. She returned to the bank to have the mistake corrected. The bank officials told her that it would amount to the same thing if her husband delivered his shares to her in pledge to secure the sum she had paid for him, and as indemnity against loss by reason of the pledge of her own stock on the other note. Which arrangement was then made between the husband and wife. But it was not in writing, and, of course, in consequence, not acknowledged or recorded. We think the arrangement between the husband and wife was void as to third persons, and the circuit court so treated it as to the suing creditor. The judgment was to sell the stock of Jacob Eberhardt to satisfy appellee's debt, without reference to any right of appellant Ella Eberhardt. Mrs. Eberhardt appeals.

She contends that, under the existing married woman's act (section 2128, Ky. St. 1903), it is competent for husband and wife to deal with each other with respect to her property as if she were single. In that section it is provided: "A gift, transfer, or assignment of personal property between husband and wife shall not be valid as to third persons unless the same be in writing, and acknowledged and recorded as chattel mortgages are required to be recorded." This proviso follows the clause in the section: "She may make contracts, and sue and be sued as a single woman." We think the proviso as to dealings between husband and wife was intended as a qualifica-

tion of the previous general power conferred upon married women by the statute. It was recognized that their relation was one affording amplest opportunities for the practicing of fraud against creditors of either, unless their dealings with respect to their property were made the subject of public record. As they generally live together and use each other's property in common, there would be no visible change of possession to indicate a change of ownership. Persons crediting the former real owner might then be misled into believing that no change in the title had occurred, and upon the faith of such apparent condition give credit where there was not property to support it.

The Legislature, in removing the disability of married women to deal as single persons respecting their property, saw fit to so qualify the privilege as to make it conditional when the dealing was with a spouse. Unless the condition is complied with, the qualified privilege extended by the statute cannot attach. What has been said above applies alone to the transaction between Eberhardt and his wife. It must be borne in mind always in the construction of this statute that the qualification above treated of deals alone with the rights of married people in transactions between themselves. The married woman, when dealing with others, is placed with respect to her property precisely as if she were unmarried, barring alone the matter of becoming surety. Mrs. Eberhardt intended to pay off the note upon which her stock was pledged. Had that been done she would at least have released her 10 shares of stock, and as between her and her husband he would have been indebted to her on that account $250. That would have been a debt that she might have enforced against him, if he had not seen proper to adjust it voluntarily.

But she did not pay off the debt that was intended to be paid. By a misunderstanding of the officer of the bank, the first note was canceled. Let it be supposed that nothing had been done then by Jacob Eberhardt and his wife with respect to securing her in the money thus advanced for him. What would have been her rights at law? In addition to her claim against him for $250, she would have been subrogated to the rights of the bank in the note that she had discharged; that is, she would have had in lien the shares of stock owned by her husband which had been pledged to secure that note. This would have been, not because of any transaction between her and her husband, or because of any gift, assignment or transfer of his property to her, but because of the equitable doctrine of subrogation which substitutes one for another with respect to a pre-existing obligation. Mrs. Eberhardt was not a volunteer in the payment of her husband's debt to the bank. It is true she was not bound to pay it. She was not his surety on that debt, nor was her property subject to secure the $250 note that she paid. But she paid it at the instance of her husband; both of them intending that the payment should apply to the other note. The mistake might have been corrected by an application to the bank; and, if refused by the latter, it is possible that it might have been corrected in an appropriate proceeding brought for the purpose. The money having been paid at the instance of the husband to his creditor, and applied by the latter upon the wrong debt, the wife paying the money was entitled to be subrogated to the rights and liens of the debtor against the property of the husband pledged to secure the debt, without reference to any further assignment or transfer of such property to the wife.

It was formerly held before the enactment of the

existing married woman's act, that the burden of showing that money paid by a married woman for property in fact belonged to her as her separate property was upon the wife, and that, in the absence of such showing, the presumption would be that it was of that character of the wife's general estate which the husband had a right to reduce to possession, and when it was paid on his behalf it was thereby reduced to his possession. The cases holding this view are Treadway v. Turner, 10 S. W. 816, 10 Ky. Law Rep. 950; Robertson v. Robertson, 20 S. W. 543, 14 Ky. Law Rep. 505; Wahl v. Murphy, 9 S. W. 375, 10 Ky. Law Rep. 389; Edelmuth v. Wybrant, 53 S. W. 528, 21 Ky. Law Rep. 930; Ruggles v. Robinson & Co., 57 S. W. 619, 22 Ky. Law Rep. 437. These cases, however, were distinguished in Clark v. Myers, 68 S. W. 853, 24 Ky. Law Rep. 382, where it was held that under the existing married woman's act all of the wife's property is her separate estate, which her husband has no right to reduce to his possession, and, as between the husband and wife, he has no more right to her property against her consent than a stranger has. In this view of the law, it is no longer incumbent upon the married woman to show affirmatively that her personal property is her separate estate, nor is it any more necessary for her to show from whence it was derived than it would be for the husband to show the same fact were he claiming the property as his own. When she shows that her money paid the debt of her husband, and that it was paid at his instance, the law implies an obligation upon his part to repay it to her.

It follows that the judgment of the circuit court should have been to subject the 10 shares of stock of the husband, Jacob Eberhardt, first to the payment of the $250 paid for him by Mrs. Eberhardt to the bank,

together with the interest upon it from the time it was paid, and then any surplus (after deducting the item of exemption allowed by the circuit court and not necessary to be here discussed) should be applied to the debt of appellee. The agreement between Jacob and Mrs. Eberhardt that this stock should be held as security to indemnify her against loss by reason of the pledging of her shares to secure his other note, not having been in writing or recorded, is not enforceable, as against the debt of appellee.

Judgment reversed, and cause remanded for judgment in conformity herewith.