CASE 96.—ACTION BY M. N. JONES AGAINST THE LOUIS-
VILLE TOBACCO WAREHOUSE COMPANY.—Sep-
tember 24, 1909.

## Jones v. Louisville Tobacco Warehouse Co.

Appeal from Franklin Circuit Court.

R. L. STOUT, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Re-
versed.

1. Fraudulent      Conveyances — Transfers      Between    Hus-
band and wife—Validity as to Third Persons—Registration.—
Under Ky. St. Sec. 2128 (Russell's St. Sec. 4631), providing
that a transfer of personal property between husband and
wife shall not be valid as to third persons, unless in writing
and recorded, a surrender of tobacco by husband to wife, not
reduced to writing or recorded, was invalid as to his other
creditors.

2. Fraudulent Conveyances—Rent Lien—Effect of Invalid Trans-
fer of Property to Landlord.—A surrender of tobacco by hus-
band to wife being invalid, as to other creditors under Ky. St.
Sec. 2128 (Russell's St. Sec. 4631), because not reduced to
writing and recorded, left unchanged her superior landlord's
rent lien, under section 2317 (Russell's St. Sec. 4574), on the
tobacco raised on the land leased by him of her.

3   Landlord    and    Tenant — Rent·  Lien — Enforcement —
Loss of Right.—Under Ky. St. Sec 2317 (Russell's St. Sec.
4574), giving the landlord a superior lien for a year's rent on
produce of the leased farm, but for no rent that has been
due for more than 120 days, and providing that if the produce
be removed openly from the leased premises, without fraudu-
lent intent, and not be returned, the landlord shall have his
lien on it for 15 days from its removal, and may enforce it
against the property wherever found, where after the end of
the year for which a farm was rented, at which time the rent
became due, the tenant, being indebted for the rent, surrender-
ed tobacco raised 'on the farm to the landlord, which sur-

render was invalid as against the tenant's other creditors be-
cause the landlord was his wife, and she then shipped the to-
bacco to defendant to sell as her agent, and it sold it, applied
the proceeds on the tenant's debt to it, and refused to pay the
landlord, all this within 15 days after the removal of the
tobacco from the premises and 120 days after the termination
of the lease—the landlord's right of action against defendant
to enforce its lien against the proceeds accruing when it re-
fused to pay her the same was not lost by failure to bring
the action within 120 days after the rent became due.

4.  Fraudulent    Conveyances — Partial    Individuality. — A
    lease by the wife of the lessee and another not being re-
    corded, its provision that the landlord shall have a lien on
    the crop for the rent is invalid as to creditors so far as con-
    cerns the lien given the wife.

5.  Subrogation—Nature and Theory of Right.—Subrogation is
    only allowed where there is some equitable reason for it.

6.  Subrogation—Voluntary Payment.—One who pays a debt for
    another voluntarily is not ordinarily subrogated to the
    rights of the creditor.

7.  Pleading—Subrogation—Conclusions.—The allegation of the
    petition that plaintiff, one of two landlords, who paid to the
    other landlord her part of the rent was subrogated to the
    rights of the other, is a mere legal conclusion: it being neces-
    sary to state the facts showing a right of subrogation.

B. G. WILLIAMS and J. MORGAN CHINN for appellant.

BROWN & NUCHOLS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Revers-
ing.

Appellant, Maggie N. Jones, brought this suit
against the Louisville Tobacco Warehouse Company
to recover the proceeds of certain tobacco which she
alleged she had shipped to it in March, 1900, and it
had sold as her agent.  The warehouse company
claimed the right to hold the money as the property of
John W. Jones, the husband of Maggie N. Jones, on
account of a debt which he owed to it contracted about
the year 1896.  The circuit court sustained a de-

murrer to the plaintiff's reply to the defendant's answer, and, she declining to plead further, dismissed her petition. From this judgment she appeals.

The facts admitted by the demurrer are these: Maggie N. Jones and her mother, Minerva Noel, owned a farm in Franklin county, and on March 1, 1905, they entered into the following written contract by which they rented the farm to J. W. Jones: "For and in consideration of the sum of nine hundred dollars ($900.00) to be paid on or before the first day of March, 1906, we, Mrs. Minerva Noel and Maggie N. Jones of the first part have this day rented to J. W. Jones of the 2nd part of our farm known as the S. M. Noel farm for the term of one year. Parties of the first part reserve for their own use the tenement house at front gate, the two tenement houses at the mouth of branch, the pump house and right of way to said tenement house and pump house right of way over and for repairing of pipe line by the distillery company and also the slop privilege at the new cattle sheds. First parties also reserve a lien on all crops grown on said farm until moneys for rent are paid. First parties reserve all right for seeding purposes in the fall of the year. First parties are not to repair any fencing on said farm. Possession of farm to be given 1st of March, 1905, given up March 1st, 1906. Second party is allowed to work lands on farm any way he wants to, or to sublet any lands that he wants to, or to plow any lands, and is to do all the repairing on barns, fencing, etc., at second parties own expense. Minerva Noel, Maggie N. Jones, J. W. Jones." On March 1, 1906, Jones owed $550 of the rent, and Maggie N. Jones then paid to Mrs. Noel her part of the rent, and thus became entitled to all the rent as between her and her husband. He had

sublet the farm the year before to a number of tenants who had raised a crop of tobacco on it, under contracts by which they were to have one-half of the tobacco and he one-half.  J. W. Jones then surrendered to Maggie N. Jones his half of the tobacco which was then on the place, and she took possession of it and shipped it to the warehouse company.  The net proceeds of half of the tobacco when sold by the warehouse company amounted to $214.54.  The rent contract above quoted was not recorded.  The arrangement by which J. W. Jones surrendered to his wife his one-half of the tobacco was verbal, and not reduced to writing or recorded.  Section 2128, Ky. Stat. (Russell's St. § 4631), which gives the wife the right to make contracts as a single woman, contains this proviso: "A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers."  It is insisted for the warehouse company that, as the transfers between the husband and wife were not recorded, they were void, and the title to the tobacco still remained in the husband.  Section 2317, Ky. Stat. (Russell's St. § 4574) is as follows: "A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or undertenant, owned by him, after possession is taken under the lease· but such lien shall not be for more than one year's rent due or to become due, nor for any rent which

has been due for more than one hundred and twenty days. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found.'' It is conceded that under this section the wife had a lien on the tobacco for her rent; but it is insisted that this lien was lost because it was not asserted within 120 days after the rent fell due or within 15 days after the removal of the tobacco from the premises.

In Eberhardt v. Wahl, 124 Ky. 223, 98 S. W. 994, 30 Ky. Law Rep. 412, Mrs. Eberhardt and her husband, Jacob, executed two notes to a bank for $250 for money borrowed by him. To secure the first note he pledged 10 shares of stock which he owned and to secure the second note she pledged 10 shares of stock which she owned. She paid to the bank $250 of her own money, intending to pay the note which was secured by the pledge of her own stock. But the bank applied it to the payment of the first note which was secured by the pledge of her husband's stock. She applied to the bank to correct the mistake, and was told by the bank officers that all that was necessary was that her husband should deliver to her the 10 shares of stock which had been released to secure her in the $250 which she had paid, and protect her against liability on the second note. This was accordingly done, but the agreement was not recorded. In this condition of things another creditor attached the husband's 10 shares of stock. It was held by this court that the arrangement between the husband and wife was void, and that the wife acquired no lien on the husband's 10 shares of

stock by reason of the transfer of the stock to her by him. But it was also held that the bank had a lien on the 10 shares of stock, and that the wife, having paid the note to the bank which was secured by the stock, was entitled to be subrogated to the lien of the bank under the circumstances, independently of any transaction between her and her husband. See, also, Stroud v. Ross, 118 Ky. 630, 82 S. W. 254, 26 Ky. Law Rep. 521. In Marquess v. Ladd, 100 S. W. 305, 30 Ky. Law Rep. 1142, the tenant, while the tobacco was on the leased premises, turned over his interest in the crop to the landlord under an agreement that he should retain possession of it and place it upon the market with the Dark Tobacco Protective Association, where it was to remain until sold, and that out of the proceeds of it when sold the landlord was to pay himself what the tenant owed him and pay the remainder to the tenant. Under this arrangement the landlord took possession of the tobacco, and in stituted no proceedings to enforce his lien. More than 120 days after the expiration of the lease suit was brought to enforce a mortgage given by the tenant before the tobacco was turned over to the landlord; and it was insisted that the landlord had lost his lien by failing to institute proceedings to enforce it. Rejecting this claim the court said: ''When the agreement between the landlord and the tenant was made in November, 1904, the landlord had a superior lien upon the tenant's interest in the tobacco to secure the payment of the money and property advanced to him, and the crop was on the leased premises. This lien he had the right under the statute to enforce at any time within 120 days after the expiration of the tenancy. The purpose of the statute was to secure the landlord for advances made to his

tenant by giving; him a lien upon the crop. If, after the crop has been planted and at any time during the period for which the lien of the landlord exists, the tenant for any reason concludes to deliver his interest in the crop to the landlord as security for advances made, we cannot percieve any reason why the lien in this way may not be perserved. An agreement of this kind does not extend the lien of the landlord beyond the statutory period, as the legal effect of it is the same as if the landlord had instituted legal proceedings to enforce the collection of his lien, and had acquired possession of the crop under process of the court. Creditors of the tenant cannot be prejudiced by an agreement of this character because the landlord holds the tenant's interest as a pledgee, and must acount for whatever surplus remains after discharging his debt.''

Under the statute, a gift, transfer, or assignment of personal property between husband and wife is invalid as to third persons unless in writing, acknowledged and recorded as chattel mortgages are required to be acknowledged and recorded. The surrender of the tobacco by Jones to his wife was a transfer of personal property, and, not being reduced to writing or recorded, was invalid. After that arrangement was made, the parties stood where they were before it was made. It took from the wife no right she then had and it added nothing to her rights. Before that surrender was made, she had a lien on the tobacco for her rent under the statute, and this superior lien she continued to have after the arrangement was made. The rent was not due until March 1, 1906. The tobacco was sold during that month. When the tobacco was sold, her demand against the warehouse company accrued, and, it then refusing to pay her the

money, her right to the money was in no wise affect-
ed by the fact that she did not bring her suit against
the warehouse company until December 10, 1906. The
tobacco having been sold and the proceeds being in
the hands of the warehouse company, her right of
action against it accrued when it refused to pay the
money over to her, and, this all having occurred with-
in 120 days after the rent became due, her delay in
suing after the liability accrued did not prejudice
the warehouse company. There is nothing in the
case to show that the tobacco had been removed from
the premises more than 15 days before it was receiv-
ed or sold by the warehouse company and the pro-
ceeds applied by it upon its debt against J. W. Jones.
No opinion is indicated as to what would be the effect
of such removal in a case like this. The circumstanc-
es indicate that only a short time elapsed after the re-
moval of the property from the premises before its
receipt and sale by the warehouse company.

The written lease provided that the owner
of the land should have a lien on the crop
for the rent, but, as this was not recorded, the
special contract was invalid so far as it stipulated
for a lien on the crop in favor of the wife. It was
valid, however, as to Mrs. Noel. She had a lien by
virtue of the contract on the crop of tobacco as
against the warehouse company whose debt was
created in the year 1896. It is alleged in the petition
that Mrs. Jones when she paid Mrs. Noel her part of
the rent became subrogated to her rights. But no
facts are alleged showing a right of subrogation. One
who pays a debt for another voluntarily is not ordi-
narily subrogated to the rights of the creditor. Sub-
rogation is only allowed where there is some equita-
ble reason for it. The allegation that the plaintiff

was subrogated to the rights of Mrs. Noel is only a conclusion of the pleader. The facts must be stated showing a right of subrogation, if the plaintiff bases her right of recovery upon the lien given Mrs. Noel in the lease; but the plaintiff is entitled to a lien under the statute for the rent due her.

We therefore conclude that the court erred in sustaining the defendant's demurrer to the plaintiff's reply. On the return of the case the parties will be allowed to amend their pleadings if they desire to do so.

Judgment reversed, and cause remanded for further proceedings consistent herewith.

Extended Opinion and Response to Petition for Rehearing.

O'REAR, J. It appears that Mrs. Jones shipped the tobacco to appellee as her factor. Section 4768, Ky. St. (Russell's St. § 2530) ; J. S. Phelps & Co. v. Barkley, 40 S. W. 384. Appellee, as factor, could not deny the title of its principal. When it accepted her consignment of tobacco as her property, it became estopped thereafter to deny to appellant's prejudice that the title to the tobacco was hers.

Appellee argues that the lien is given by statute upon the property—not its proceeds. But the statute deals alone with the status, independent of a contract enlarging or restricting it. It is still competent for the parties to contract with respect to property of the tenant or leased premises. While, as between husband and wife, such contracts must be in writing to affect "third persons," by the expression it is meant that others may deal with the former owner on the faith of his ostensible ownership, unaffected by se-

cret transfers. The provision as to recordation of the contract is to give a notice of the changed title. Obviously, if the party dealing with it knows equally well from other sources that the title is in the wife, but he buys from the husband, knowing that the wife is ignorant of the transaction, he is not the kind of "third person" intended to be protected by the statute. The statute aims at promoting honesty, not trickery, and is meant to enlarge, not to restrict, married women's property and contractual rights. It ought to be given a liberal construction to effectuate the legislative purpose.

The transaction between the husband and wife was not meretricious. The transaction itself was valid. The only thing lacking was the publicity necessary to protect "third persons" who might deal with it. The possession of the wife was of itself notice that she had some sort of claim upon the property. If her possession was obtained in fact by reason of the transfer of the tobacco in satisfaction of her lien, it preserved her lien, independent of the statute, as against all the husband's creditors who had notice of the facts; and her possession was of itself notice of the facts. The relation of landlord and tenant between the husband and wife gave her, under the statute, a lien, regardless of the contract between them, which is attacked by the appellee because not recorded. She never relinquished that lien. Her consignment of the tobacco to appellee for sale was in line to preserve her dominant equity; and, when appellee accepted the consignment on her account, it undertook as her agent to sell the tobacco on her account alone, and to remit to her the proceeds of the sale, less its commissions and expense in the matter. The

15 days given by the statute has no place in this case.
Nor has the 120-day provision. They were merged
in her consummated equity, when she took charge of
the tobacco to sell it on account of her liens in liquida-
tion of the rent due her.

Petition overruled.

CASE 97.—ON APPLICATION FOR REHEARING.—December 17,
    1909.