## Coleman v. Coleman.

(Decided February 2, 1911.)

## Appeal from Mercer Circuit Court.

1.   Husband and Wife—Right to Contract With Each Other—Statutory Provisions.—The present statute, known as the Weissinger Act, Ky. Stat., Section 2127-2148, inclusive, removes from the wife all disabilities of coverture imposed by the common law, in the matter of contracting with other persons, the husband included subject to the restrictions specified in the statute, none of which prevent her from becoming indebted to the husband, or the husband to her; and she may sue and recover of the husband any debt he has contracted to pay her as she would any other debtor.

2.   Scrutiny of Courts—Necessity for.—It is true that contracts between husband and wife will be closely scrutinized by the courts, and in so far as they impose liability upon the wife, proof of their genuineness and freedom from coercion must be clear and convincing to authorize their enforcement. This is so because notwithstanding the contractual freedom conferred upon the wife by the statute she is yet more or less under the dominion of the husband by virtue of the closeness and tenderness of the marital relation; and if he be an unscrupulous or designing person, may use the advantage thus afforded him to unduly influence and impose upon her. Therefore, she is entitled to be protected against such machinations, by the courts, where judicial interference in her behalf is authorized by the proof.

E. H. GAITHER for appellant.

ROBERT HARDING and THOMAS HARDIN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant sued appellee upon four notes; the cause of action as to each being set out in a separate paragraph. The first paragraph declares upon a note of $1,081.82 executed by appellee to appellant and secured by mortgage on the personal property of the former. The second paragraph declares upon a note of $100 which appellee executed to appellant's father, J. W. Taylor. It is alleged therein that after the death of her father she paid the note to his administrator out of her distributable share of her father's estate; that she paid the note at appellee's request and upon his promise to repay her the amount thereof; and that when she paid it to the administrator he assigned and delivered it to her.

The third paragraph seeks a recovery upon a note of $500 which appellee and his sureties, T. C. Coleman, and J. W. Taylor, executed to W. M. Hall. This note it is alleged was paid by J. W. Taylor, one of the sureties, to

Hall at its maturity; and after the death of J. W. Taylor, appellant, at appellee's request, and upon his promise to repay her the amount thereof, paid the note to the administrator of her father's estate out of her distributable share thereof, and the note was thereupon assigned and delivered to her by the administrator.

By the fourth paragraph recovery was sought of the amount of a $500 note, which appellee executed to appellant's father, J. W. Taylor, and this note she also paid the administrator out of her share of her father's estate and by its assignment and delivery to her by the administrator, the note became her property. It is alleged in this paragraph that appellant paid the last-named note at appellee's request and because of his promise to repay it to her. The maturity and non-payment of each of the notes are appropriately alleged; and also other promises on the part of appellee made since their assignment and delivery to appellant to pay her the three smaller notes. The pleadings show, and it is admitted, that at the time appellee became indebted to appellant upon the several obligations sued on they were husband and wife, but that they were later divorced.

Appellee by an answer, containing nine paragraphs, resists a recovery as to each note on the ground that when the first was executed and he became indebted to appellant upon the others they were husband and wife, which, it is alleged, prevented either of them from becoming indebted to the other and rendered void the several obligations as well as any subsequent promise he may have made to pay appellant any of them. The answer also pleaded failure of consideration as to the first note and the statute of limitations as to the other three.

The appellant filed a demurrer to the answer and each paragraph thereof, which the circuit court overruled as to so much of the answer and its several paragraphs as pleaded the former coverture of the parties; holding that the facts alleged therein as to that matter would bar a recovery as to each and all of the notes. But no ruling seems to have been made by the court on the demurrer as to the other parts of the answer.

Appellant, standing upon the demurrer has appealed. The judgment appealed from reads as follows:

"The court not being clearly satisfied that the Married Woman's Act of 1894, empowers a married woman to contract with her husband as with a stranger, over-rules the demurrer to that part of the answer which

pleads coverture, so that the question can be definitely settled by the appellate court in advance of further preparation of the case."

As the defense set up by the answer to which the demurrer was overruled, would, if allowed, defeat a recovery on each of the notes, the judgment should be treated as final, which enables us to entertain the appeal.

The question presented for our consideration is, did the fact that appellee and appellant were husband and wife at the time the first note was executed, and when she became the owner of the other three notes by assignment from the administrator of her father's estate, render invalid the several obligations? In our opinion the question must be answered in the negative. The present statute with respect to the contractual and property rights of the husband and wife, known as the Weissinger Act (Ky. Stats., sections 2127-2148, inclusive) removes from the wife all the disabilities of coverture imposed by the common law in the matter of contracting with other persons, the husband included, subject to the restrictions specified in the statute, none of which prevent her from becoming indebted to the husband or the husband to her; and she may sue and recover of the husband any debt he may have contracted to pay her, as she would any other debtor. Long v. Beard, 20 R. 1036; Buckel, By, et al. v. Smith, 26 R. 491; Noel v. Fitzpatrick, 124 Ky., 787; Eberhard v. Wahl, 124 Ky. 223; Jones v. Louisville Tobacco Warehouse Co., 121 S. W. 633; McWethy's Admr. v. McCright, 141 Ky., ante.

It is true that contracts between husband and wife will be closely scrutinized by the courts, and in so far as they impose liability upon the wife, proof of their genuineness and freedom from coercion must be clear and convincing to authorize their enforcement. This is so because, notwithstanding the contractual freedom conferred upon the wife by the statute, she is yet more or less under the dominion of the husband by virtue of the closeness and tenderness of the marital relation, and he, if he be an unscrupulous or designing person, may use the advantage thus afforded him to unduly influence and impose upon the wife; therefore, she is entitled to be protected against such machinations, by the courts, where judicial interference in her behalf is authorized by the proof.

The several items of indebtedness asserted by the wife against the husband in this case were created since

the present statute became operative, and there is nothing in its provisions that render appellee's obligations to appellant invalid.

Of the three cases relied on by appellee's counsel, two of them, Brown v. Dalton, 49 S. W. 443; Higgins v. Stokes, 74 S. W. 251, arose out of transactions occurring before the present statute was enacted and have no bearing upon the question at issue; the third case, Stroud v. Ross, 118 Ky. 630, can not be accepted as authority. Though correctly decided, the decision may be rested on the ground that the written contract between the husband and wife therein involved, being one as to real estate, was unenforceable, because not acknowledged or recorded as required by the statute; but so much of the opinion as is relied on by appellee as authority in this case, is mere dicta.

Wherefore, the judgment is reversed and cause remanded, with directions to overrule the demurrer, and for further proceedings not inconsistent with the opinion.