## Ellison v. Davis.

(Decided September 30, 1914.)

### Appeal from Whitley Circuit Court.

1. **Mortgages—Executed by Husband Pending Suit by Wife for Divorce—Void as to Wife.**—A mortgage executed by the husband pending a suit by the wife for divorce and alimony, which embraces all the property of the husband subject to execution, is void as to the wife, being in hindrance of her rights, the mortgagee having notice of the suit.

2. **Mortgages—Liens.**—One who furnishes money to a debtor to pay a mortgage debt, has no lien on the property mortgaged to secure the debt.

TYE & SILER for appellant.

R. L. POPE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

This action was brought to obtain a sale of a house and lot in Williamsburg, which formerly belonged to J. H. Davis, deceased, and at his death descended to his six children. During the pendency of the action a controversy arose as to the proceeds of the share of Dr. R. H. Davis, one of the children. The facts are these: Dr. Davis separated from his wife, Barbara A. Davis, and brought a suit against her for divorce. She filed an answer and counterclaim, asking a divorce and alimony, also an allowance for her two infant children. During the pendency of the action and before any judgment, J M. Ellison, who had a debt against Dr. Davis, induced Dr. Davis to sign a mortgage to him, but this on being presented to his wife, she refused to sign. Ellison at the time had full notice of the divorce proceeding. The wife after this obtained a judgment for divorce and an allowance of $2,000 alimony. Dr. Davis then conveyed to her his one-sixth interest in the lot in question, which was practically all the property he had subject to execution. Ellison insists that his mortgage being executed by the husband before the deed to the wife, gives him priority over her. But section 2126, Kentucky Statutes, provides:

"Sales and conveyances made to a purchaser with notice, or for the benefit of any religious society, in fraud or hindrance of the right of wife or child to maintenance, shall be void as against them."

The mortgage to Ellison executed during the pendency of the divorce proceeding, and with full notice to him of that proceeding, was clearly in fraud or hindrance of the rights of the wife, and was void under this statute as to her, it being practically all the property, subject to execution, the husband had to which she could look for the satisfaction of her claim. The circuit court properly so held.

Ellison also set up these facts: On April 25, 1908, Dr. Davis executed to L. C. Steeley a note for $380.00;

and I. N. Steeley signed the note as his surety; and to secure this note Dr. Davis and his wife executed to L. C. Steeley and I. N. Steeley a mortgage on the tract of land in question. Steeley wanted his money, and on January 14, 1910, Davis borrowed $300, J. M. Ellison becoming his surety on the note given for it, and to secure these notes Davis executed to Ellison a mortgage on his dental tools and outfit. The mere fact that the money which was obtained on the notes signed by Ellison as the surety of Davis, was used to pay off the Steeley debt, which was a lien on the land, does not entitle Ellison to a lien on the land, there being no assignment of the Steeley note to him and no agreement even as between the parties that he was to have this lien. (Jones v. Louisville Tobacco Co., 135 Ky., 831; Lewis v. F. & G. Co., 144 Ky., 426; Flannery v. Utley, 9 R., 582; Bank of Maysville v. Vickory, 24 R., 892; Cecil v. Aud, 7 R., 298.)

Judgment affirmed.