## Coffinbarger v. Coffinbarger.

(Decided May 24, 1918.)

### Appeal from Campbell Circuit Court.

Husband and Wife—Actions—Right of Action by Wife for Husband's Tort—Effect of Divorce a Mensa et Thoro.—Under Kentucky Statutes, section 2121, providing that, "a divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties, as a divorce from the bond of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower or distributive right," a wife, who has been divorced a mensa et thoro, may sue her husband for false arrest and imprisonment occurring after the divorce was granted.

HORACE W. ROOT for appellant.

A. M. CALDWELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

Minnie Coffinbarger, who had been granted a divorce *a mensa et thoro* from her husband, John Coffinbarger, brought this suit against him and others to recover damages for false arrest and imprisonment occurring after

the decree of divorce had been granted. Her husband's demurrer to the petition as amended was sustained on the ground that plaintiff could not sue him for a tort, and the petition was dismissed as to him. Plaintiff appeals.

We have held that under section 2128, Kentucky Statutes, empowering the wife to sue and be sued as a single woman, the wife may sue her husband on a contract. Greenup v. United States Fidelity & Guaranty Co., 159 Ky. 647, 167 S. W. 910; Coleman v. Coleman, 142 Ky. 36, 133 S. W. 1003. Other courts have held that similar statutes empower the wife to maintain an action in her own name against her husband for assault and imprisonment. Brown v. Brown, 88 Conn. 42, 89 Atl. 889, 52 L. R. A. (N. S.) 185; Fiedler v. Fiedler, 140 Pac. 1022, 52 L. R. A. (N. S.) 189. However, we do not have to go that far in this case, since the question here presented is regulated by section 2121, Kentucky Statutes, providing in part as follows:

"A divorce from bed and board shall operate as to property thereafter acquired, and upon the personal rights and legal capacities of the parties, as a divorce from the bonds of matrimony, except that neither shall marry again during the life of the other, and except that it shall not bar curtesy, dower, or distributive right"

It will thus be seen that divorce *a mensa et thoro* has the same effect upon the personal rights and legal capacities of the parties as a divorce *a vinculo,* except as indicated in the statutes. And since a divorce of the latter character terminates the marriage relation and removes any common law disability, arising out of the coverture, of one spouse to sue the other, R. C. L., sec. 302, p. 486, it necessarily follows that a wife, who has a secured a divorce *a mensa et thoro,* may sue her husband for a tort thereafter committed. It results that the demurrer should have been overruled.

Judgment reversed and cause remanded for proceedings consistent with this opinion.