# Moore v. Pope.

Jan. 17, 1941.

J. C. Baker for appellant.

C. B. Spicer for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This is the third appeal of this case, the two former appeals being found in 260 Ky. 619, 86 S. W. (2d) 540, and 273 Ky. 390, 116 S. W. (2d) 945. The facts are fully set out in the two former opinions. On the first appeal the judgment was reversed because of erroneous instructions. On the second appeal the judgment was reversed as being flagrantly against the evidence. On the third trial verdict and judgment were again for appellee, as was the case on the two former trials, and this appeal is from that judgment.

On the third trial the evidence for appellee was substantially the same as that on the two former trials except that J. W. Bomar, payee in the $1,000 note, testified for appellee and his testimony probably added some strength to appellee's case on the issue of fact on which the case was tried. On the present appeal it is contended that even though the verdict may be flagrantly against the evidence on the issue submitted to the jury, nevertheless appellee was entitled to a directed verdict because the pledge of the fifteen shares of stock by H. R. Moore to his wife, the appellant, to secure his note of $1,500 to her was invalid as to the appellee, a creditor

of H. R. Moore, the husband. There is no doubt as to the correctness of this contention if we are not concluded from considering it by the opinions on the two former appeals.

Section 2128 of Kentucky Statutes provides in part as follows:

"A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded."

In Security Bank v. Zimlich's Ex'x, 261 Ky. 560, 88 S. W. (2d) 286, and in Hawley Coal Co. v. Bruce, 252 Ky. 455, 67 S. W. (2d) 703, and in other cases cited therein, it was held that the foregoing statute applied to transfers of corporate stock between husband and wife and that a failure to acknowledge and record such a transfer rendered it invalid as to third parties, including creditors. In Eberhardt v. Wahl's Adm'r, 124 Ky. 223, 98 S. W. 994, 30 Ky. Law Rep. 412, a pledge of corporate stock by a husband to secure his indebtedness to his wife was held to be a transfer of property within the statute, the identical situation with which we are dealing. The fifteen shares of stock pledged by Moore to his wife to secure the $1,500 note were, as pointed out in the opinion on the first appeal, sold and the proceeds thereof are on deposit with the Commissioner of the Harlan Circuit Court and in the action in which the shares were sold it was adjudged that the appellant had a lien thereon to secure the payment on the note. It was this money and appellant's lien rights thereto that were the subject of the attachment. This money to which appellant's rights attached, and on which she was adjudged a lien, stands on the same footing as the stock itself and appellee, by his attachment, secured the same rights therein as he would have secured by an attachment of the shares of stock. The judgment of $624.06 in his favor, which directed the Commissioner to pay to him the amount of the judgment out of the attached funds, must therefore be affirmed unless we are concluded by the two former appeals from considering this question.

In the opinion on the first appeal no mention was

made of this question. If the question had then been before the court, the failure to decide the case in favor of appellee on this point would conclude us from now doing so, since there was no reservation of such a question. After the first reversal the appellee filed an amended petition in which he specifically attacked the pledge of this stock as a violation of Section 2128 and alleged that it was invalid as to him, a creditor. On the second appeal this question was again not mentioned in the opinion, although presented in the appellee's brief, and the concluding paragraph of the opinion makes it clear why it was not discussed or decided. When the second opinion was rendered the record on the first appeal had not been placed with the record then before the court as it had been withdrawn by order of the circuit court and not returned. In this situation the court was unable to tell whether or not it was concluded from considering the question, since there was no way of knowing whether or not the question was raised on the former appeal. If it had been raised, the court would obviously have been concluded from considering it on the second appeal. For this reason the court did not consider the question on the second appeal and all other questions than the one decided were reversed. We now have before us the records on both former appeals and find that the question was not presented on the first appeal. We are therefore not concluded from considering the question since it was not raised on the first appeal and was reserved on the second appeal.

Although the jury may have erroneously decided the issue of fact in favor of appellee and although the trial court may have entered judgment for appellee for an erroneous reason, nevertheless appellee was entitled to a directed verdict for the reasons we have indicated and, this being true, the judgment must be sustained although the reasons for which it was entered were incorrect.

Judgment affirmed.