CASE 10—PETITION EQUITY—FEBRUARY 16.

# Bohannon, &c., v. Travis, &c.

94  59
97  65

94  59
114 876

APPEAL FROM M'LEAN CIRCUIT COURT.

1. DEED FROM WIFE TO HUSBAND.—A wife can not by deed, direct to her husband, divest herself of title to real property.

2. CONTRACTS BETWEEN HUSBAND AND WIFE.—Although contracts between husband and wife are at law void, they are not always so in equity. But a contract between husband and wife will not be enforced in equity in favor of either, unless it is fair and just, founded on a valuable consideration, and reasonably certain as to its stipulations, and the circumstances under which it was made.

A wife executed to her husband, in 1874, a deed to forty-seven acres of a one hundred-acre tract of land, upon which they then resided and continued to reside until the wife's death in 1888. After her death the husband conveyed to appellees the forty-seven acres which the wife attempted to convey to him, and in this action by the heirs of the wife against appellees to recover the land, the defense is that the husband in fact purchased the one hundred-acre tract of land in 1860, the date of the conveyance to the wife, and that under an agreement between them it was conveyed to the wife only for the purpose of securing to her the repayment of a part of the purchase money which she advanced, and that thereafter and until the wife's death the forty-seven acres was treated by both as the husband's land, the wife executing to him a title bond therefor in 1870. *Held*—That as the essential conditions of valuable consideration and of reasonable certainty as to the character and terms of the alleged parol contract are lacking, it would be neither just nor fair for a court of equity to enforce it, especially in view of the long period that has elapsed since it is alleged to have been made, and delay until after death of the wife of any claim to relief.

3. LIMITATION.—The plea of limitation will not avail, as the wife was never out of possession of the one hundred acres for a day.

4. ESTOPPEL.—The void deed can not be treated as an estoppel.

JEP C. JONSON, W. A. TAYLOR FOR APPELLANTS.

1. The conveyance from Mrs. Moore to her husband did not pass her title. (Gen. Stats., chap. 24, secs. 19, 20; *Idem*, chap. 52, art. 2, sec. 3; Newby v. Cox, 81 Ky., 59; Moore v. Tibbatts, 5 B. M., 355; Robinson v. Henning, 9 Ky. Law Rep., 141; Kennedy v. Ten Broeck, 11 Bush, 251; Scarborough v. Watkins, 9 B. M., 545; Chaney v. Flynn, 2 Ky. Law Rep., 417; Craine, &c., v. Edwards, &c., 13 Ky. Law Rep., 499.)

2. The holding of the husband was not adverse. (1 Washburn on Real Property, 340, 341; 1 Roper on Husband and Wife, 3.)

3. The appellants are not estopped. (3 Washb. on Real Property, p. 77.)

4. The executory contract by which Mrs. Moore attempted to bind herself to convey one-half the one hundred acres to her husband was void.

WM. B. NOE FOR APPELLEES.

1. The husband being the equitable owner of the land, it was not necessary for him to unite with the wife in the conveyance made to him in 1874. By accepting the deed, his consent is implied. (Harris' Contracts of Married Women, sec. 585.)

2. Before appellants can recover they must restore to appellees the money, with its interest, paid by Jacob Moore to his wife. (Odell v. Little, 82 Ky., 146; Hawkins v. Brown, 80 Ky., 186; McDanell v. Landrum, 87 Ky., 404; Heck v. Fisher. 78 Ky., 643; Craddock v. Tyler, 3 Bush, 360; Martin v. Martin, 5 Bush, 56.)

3. Contracts between husband and wife are upheld in equity, although void at law. (Ward v. Crotty, 4 Met., 60; Campbell v. Galbreath, 12 Bush, 460; Story's Eq. Jur., 1372; Hendricks v. Isaacs, 15 Am. St. Rep., 524; Schouler's Dom. Relations, 4th ed., p. 279.)

4. A deed made directly by the wife to the husband vests the equitable title in him, though such deed is void at law. (Turner v. Shaw, 96 Mo., 22; s. c., 9 Am. St. Rep., 319, and note, pp. 323-326.)

5. The contract of a married woman for the benefit of herself or her estate is binding in equity, and the estate affected by it need not be her separate estate. (Haussman v. Burnham, 21 Am. St. Rep., 78; Donovan's Appeal, 41 Conn., 551; Hitchcock v. Riley, 41 Conn., 611)

6. Although a deed of partition be invalid as a conveyance by reason of its non-execution, it may become effectual by the parties holding in pursuance of its terms, and dealing with their respective parts as if owned in severalty. Such acts work an estoppel. (Viner's Abridgment, title Partition.)

7. Appellants are estopped to recover as heirs of Mrs. Moore because of her contracts, deed and repeated declarations that she had no claim to the land.

8. A recovery by appellants is barred by the statute of limitations. (Gen. Stats., chap. 71, sec. 4; Mantel v. Beal, 82 Ky., 126; Conner v. Downer, 4 Bush, 132; Medlock v. Suter, 80 Ky., 101.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1858 Jacob Moore, bachelor, married Adel Green, widow, having one child, though there was no issue of their marriage. And in 1860 D. M. White conveyed

to her a tract of about one hundred acres of land, which they occupied until her death in 1888. But in 1889 Jacob Moore attempted to convey and pass to C. B. and Sallie Travis absolute title to forty-seven acres, supposed to be half the tract.

This action was brought in 1891 by A. K. Bohannon and two other grand-children, only heirs at law of Adel Moore, to recover of C. B. and Sallie Travis the parcel of forty-seven acres which they hold possession of and claim under the deed from Jacob Moore, who was also made party defendant, though has since died. As defense, it is stated in the answer that Jacob Moore in fact purchased the one hundred acres from White at the price of six hundred dollars, of which three hundred and fifteen dollars was at the time advanced and paid by Adel Moore, but at her request, and under agreement between them, the deed was made to her for the only purpose of securing repayment of the money she so advanced. That thereafter and until her death the forty-seven acres was treated and recognized by both, and used by him as his own land. It is further stated and shown, by written instruments filed as exhibits, that March 12, 1870, Adel Moore executed a bond by which she covenanted to convey, by April 1st, to Jacob Moore, half the one hundred acres; and in 1874 she did attempt to convey directly to him, by deed, executed and acknowledged, forty-seven acres, identified and described as was subsequently done in his deed of 1889 to Travis.

The effect of the deed from White was to invest Adel Moore with legal title to the one hundred acres, and being her general estate she could not convey it

in any other manner than directed in section 20, chapter 24, General Statutes, as follows: "The conveyance may be by the joint deed of husband and wife, or by separate instrument; but in the latter case the husband must first convey, or have theretofore conveyed. The deed as to the husband may be acknowledged and proved and recorded as heretofore provided."

It is manifest the deed in question was not executed in the manner required by statute; for he being the grantee, it was not nor could be a joint conveyance of husband and wife, nor did or could he, by separate instrument, convey. And as a wife can not, independent of the statute, by deed direct to her husband, divest herself of legal title in real property, nor invest him therewith, it results the deed mentioned was not effectual for that purpose, and the title bond was likewise unenforceable.

But although contracts between husband and wife are at law void, they are not always so in equity. In Story's Equity Jur., section 1372, it is said that notwithstanding there is deemed at common law positive incapacity of husband and wife to contract with each other, courts of equity will, under particular circumstances, give full effect and validity to post-nuptial contracts. And the general doctrine that for many purposes equity treats husband and wife as distinct persons, capable of entering into contracts with each other that will sometimes be enforced even against creditors of the husband, has been frequently recognized and applied by this court; though we think in every case, so far, it has been done at suit and for benefit of the wife. But in Maraman v. Mar-

aman, 4 Met., 84, where the doctrine was somewhat elaborately considered and numerous cases cited, in which it had been and ought to be applied, the case of Livingston v. Livingston, 2 Johns. Ch., 537, was referred to with approval, where a parol agreement between husband and wife that he should purchase and improve a lot for her, and be repaid by sale of another lot belonging to her, having been partially executed by him, was, at his suit, specifically enforced against her.

In the case of Moore v. Freeman, Bunb., 205, referred to by Story as an illustration of the doctrine, a wife having a separate estate entered into a contract with her husband to make him a certain allowance out of the income of such estate, for a reasonable consideration, the contract, though void at law, was held obligatory and enforceable in equity. In Hendricks v. Isaacs, 117 N. Y., 411, the husband having advanced to their daughter a certain amount upon a written agreement by the wife to repay him out of rents and income of an estate devised by his father for support of her and the children, it was held in an action by him against her administrator the contract was reasonable and just, and his claim for reimbursement was sustained.

The case of Haussman v. Burnham, 59 Conn., 117, is very much like this. There the husband being in feeble health and intending to make provision for his wife after his death, conveyed land to an attorney, who, on the same day, conveyed it to her. The consideration for the deeds was a promise by her to reconvey to him when requested. She did subsequently

attempt to do so by a deed executed by her alone, her husband not joining. After her death, in a controversy about the land between her children by a former husband and her surviving husband first, and then, he having died, his heirs at law, it was held by the court that the promise of the wife was based upon a valuable consideration enforceable in equity; that although the deed she executed was void, the court would look through the deed to the contract back of it and enforce that.

But a contract between husband and wife will not be enforced in equity in favor of either, unless it is fair and just, founded on a valuable consideration, and reasonably certain as to its stipulations and the circumstances under which it was made.

It is not, in terms, stated in the answer that Adel Moore promised to convey the tract of one hundred acres, or any part of it, to Jacob Moore, upon repayment to her of the money advanced, though we will assume it to have been substantially alleged; nor is the allegation in the answer in respect to character and terms of the contract consistent with the claim now set up, or with the deed she attempted to execute; for while it is stated in the answer of Jacob Moore that the land was purchased by him, and deed therefor made to Adel Moore for the sole purpose of securing to her repayment of money advanced by her, he did not thereafter claim nor attempt to convey Travis more than what he supposed to be half the tract. Moreover, while it is stated in the answer she paid only three hundred and fifteen dollars of the purchase price, of which, as alleged, he subsequently

repaid to her two hundred dollars, in the title bond of 1870 the consideration for her covenant to convey to him half the land is four hundred dollars, receipt of which is there acknowledged. Nor do either the stipulations of the bond or allegations of the answer at all harmonize with recitals or stipulations in the deed of 1874; for in the latter instrument it is recited that Adel Moore had paid of the original purchase price of the land six hundred dollars, and Jacob Moore only two hundred dollars ; and instead of an acknowledgment of full payment of consideration of the forty-seven acres, as was recited in the title bond, it is expressly stipulated in the deed that in consideration of conveyance of half the land to him she should take at his death, in addition to her distributive share under the statute, personal property of his estate of the value of at least six hundred dollars. The legal title remained in Adel Moore up to her death, a period of twenty-eight years, and she held it after 1874 fourteen years without any demand by him or attempt by her to divest herself of it; and though there is some evidence tending to show he claimed exclusively forty-seven acres as his own, it does not satisfactorily appear he ever did pay to her any part of the original purchase price she advanced; on the contrary, if the deed of 1874 is to be treated as evidence for any purpose, it shows he had not then paid any part, but owed her six hundred dollars—original price of the land. It does, however, appear he paid taxes for which the land was annually assessed, but it is not shown the amount thereof was agreed to be accepted in payment of his part of purchase price of the land; nor, inas-

much as he had use and enjoyment of the land, can such payment be now taken into account.

The court is thus called on to enforce a parol contract between husband and wife concerning her real estate twenty-eight years after it is alleged to have been made, the character and terms of which are not, with any degree of certainty, shown, and which the evidence conduces to show has never been fully, if at all, performed on his part; and such relief, if afforded, will inure to benefit not of *bona fide* purchasers, but of persons claiming under a voluntary deed made by the husband after death of his wife.

The statute of limitation pleaded and relied upon in bar of the claim of her heirs at law manifestly can not avail the defendants, vendees of the husband; for it is not pretended the wife ever was out of actual possession of the one hundred acres a day. Equally unavailing is the plea of estoppel; for the void deed can not be treated as such.  The essential conditions of a valuable consideration, paid or performed for the alleged parol contract, and of reasonable certainty as to its character and terms, are lacking.  It would, therefore, be neither just or fair for a court of equity to enforce it, especially in view of the long period that has elapsed since it is alleged to have been made, and delay until after her death of any claim to relief.

Wherefore the judgment of the lower court is reversed, and cause remanded for proceedings consistent with this opinion.