## SMITH et al. v. TERRY.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. HUSBAND'S TRUST DEED—AGREEMENT TO SEPARATE—SUBSEQUENT COHABITATION.

A husband conveyed property in trust for the benefit of his wife for life, to be reconveyed to himself on her death if he survived, otherwise to his heirs, the trustee covenanting against the grantor's further liability for her support, and the instrument reciting that the grantor and she had mutually agreed to live apart. *Held*, that subsequent cohabitation did not avoid the deed as to the heirs.

2. DEED—VALIDITY—ADVERSE POSSESSION.

A deed to the heirs in accordance with the trust was not void because, when executed, the wife's lessee was in possession under a lease for a terms of years, as such possession could not be adverse to the heirs.

Appeal from special term, Queens county.

Ejectment by Ann M. Smith and another against Nelson Terry. From a judgment for defendant (52 N. Y. Supp. 630), plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Augustus N. Weller, for appellants.
Horace Secor, Jr., for respondent.

CULLEN, J. The action is in ejectment to recover land in Queens county. In 1877 one Jacob Story was the owner in fee of the premises in controversy. He and his wife, Huldah, had separated. At this time an indenture under seal was executed between Jacob Story, his wife, Huldah, and one James B. Raynor. The indenture recites the existence of a difference between Story and his wife, and their mutual agreement to live apart. It then recites that in consideration of the premises and of the sum of one dollar, and for the purpose of providing for the support and maintenance of the wife, the party of the first part (the husband) has and does grant and convey unto the

party of the third part (the trustee, Raynor), and to his successors and assigns, forever, a certain lot of land in the town of Hempstead, in trust, to collect the rents, and, after defraying the necessary expenses, to pay over the balance to the party of the second part (the wife, Huldah) during her natural life, and, upon the death of the party of the second part, to convey the premises to the party of the first part if he be living, or, if he shall die before his wife, then to convey the same to the heirs at law of the party of the first part. By the instrument the trustee covenants to indemnify and save harmless the husband from any liability on account of the wife's support. Some years afterwards the parties became reconciled, and lived together until the death of Jacob, in June, 1888. He left a will, by which he devised all his property to his widow. The widow survived until October, 1897. In July, 1896, Huldah leased the premises to the defendant for the term of 10 years, and defendant entered into possession under such lease. At times Story and his wife lived on the trust property, and during the major part of the time Huldah seems to have managed it and collected the rents herself. After the death of Huldah, the trustee executed a conveyance to the plaintiffs, who were the only heirs at law of Jacob Story. They instituted this action to recover from the defendant possession of the demised premises. The trial court decided in favor of the defendant, and, from the judgment entered on that decision, this appeal is taken.

The ground on which the learned judge below based his decision was that, "by the resumption of the marital relation, the agreement of separation and the trust founded thereon ceased; and, ipso facto, the estate of the trustee also ceased, and the title reverted to the husband." In support of this view was cited the case of Zimmer v. Settle, 124 N. Y. 37, 26 N. E. 341. In that case Judge Bradley said: "Articles of separation between husband and wife, in which another joins with her as trustee, although valid when made, are rendered void by resumption by them of their conjugal relation." Mr. Bishop states (1 Bish. Mar., Div. & Sep. § 1283) that a renewal of cohabitation commonly terminates the agreement, since the usual consideration for it has ceased to operate. The question has lately been discussed in this court by Mr. Justice Bartlett in Hughes v. Cuming, 36 App. Div. 302, 55 N. Y. Supp. 256. If the instrument executed between the parties were a mere agreement for separation, the decision of the trial court would be correct. But the instrument was much more; it was a conveyance of real estate on certain well-defined and valid trusts. Ordinarily, agreements for separation between husband and wife contain a covenant on the part of the husband for the future payment, at definite intervals, of sums for the support of the wife, and a covenant on the part of the trustee to indemnify the husband against liability for future support. Such an agreement is essentially executory, and a failure of consideration will relieve a party thereto from his obligation to perform. But this principle does not apply to an executed agreement.

While the indenture in this case recites, as the object of the conveyance, the support of the wife, nevertheless it is a present conveyance, which not only vested rights in the wife, but also in the heirs

of the grantor in case the husband should predecease the wife. In fact, this may be termed a separation settlement, and similar in its legal aspects to a marriage settlement. The effect of a divorce on property rights under a marriage settlement seems well settled in this country by the authorities. If, on a settlement, money is payable to the wife during coverture, divorce determines the obligation to pay, but not so if the installments are payable to the wife during life. Bish. Mar., Div. & Sep. §§ 1655, 1656. In Babcock v. Smith, 22 Pick. 61, the plaintiff, in contemplation of marriage with the defendant, conveyed her whole estate, real and personal, to trustees, in trust (1) to apply the income to her separate use during the life of her husband; (2) if the plaintiff survived her husband, then to reconvey absolutely to her; (3) if she should not survive her husband, to pay the income to him during his life; and (4) at his decease, to convey the property to the plaintiff's children. The parties married, but subsequently the plaintiff obtained a divorce from the defendant because of his adultery. It was held that, despite the dissolution of the marriage, the husband, in case he should survive the wife, was entitled to the income during his life, and that the divorce did not entitle the plaintiff to a reconveyance, as provided for on the death of her husband. In analogy, therefore, with these authorities, we are inclined to the opinion that the wife's rights under the trust deed were not abrogated by her subsequent cohabitation with her husband. But if we are in error in this, and if we assume that, from the time of the reconciliation, the husband could either have obtained the income of the trust estate, or insisted on its application to the wife's support in such a manner as to relieve him pro tanto from that charge, we do not see that the reconciliation can have any affect on the rights of third parties. The husband might have contented himself with a conveyance under which no one would have acquired any rights but himself, his wife, and the trustee. But he went further; and if, under the doctrine of Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, he did not give his heirs at law remainders contingent upon his own death prior to that of his wife, at least he granted a valid power in trust to be exercised in that contingency for the benefit of the same persons. This power was irrevocable, no right to revoke it being reserved in the trust deed (1 Rev. St. p. 735, § 108; Real Property Law, § 128); and the execution of the power would be decreed in equity in favor of those beneficially interested in it. The argument of the learned counsel for the respondent is substantially that in every agreement for separation there is implied a condition that, if the husband and wife subsequently cohabit, the instrument shall in every respect become void to the same extent as if such a condition were written in the instrument. We can find no authority going to the extent of this claim; but, conceding the proposition so far as the rights of the husband and wife are concerned, we can see no reasonable ground for implying such a condition so far as the rights of third parties are concerned.

The deed from the trustee to the plaintiffs was not void because the defendant was in possession of the premises. The defendant being in possession under a lease for a term of years only, such posses-

sion cannot of itself be adverse to the title of the plaintiffs. Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994. To render the deed to the plaintiffs void, it must be shown that the claim of the defendant's landlord was adverse to the plaintiffs' title. The defendant entered under a lease from the widow. There is no evidence in the case that the widow assumed to claim ownership of the fee. Further, the possession of the cestui que trust could not be adverse as against her trustee. Newton v. McLean, 41 Barb. 285.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.