## Niles v. Niles.

### (Decided April 12, 1911.)

### Appeal from Clark Circuit Court.

1.  Husband and Wife—Common Law Disability—Renewal by Statute—Right to Sue Each Other.—Kentucky Statutes, Sec. 2127 to 2143 inclusive, removes from the common law in the wife all disabilities of coverture imposed by the common law in the matter of contracting with other persons including the husband, subject to the restrictions specified in the statute, and empowers her to sue and be sued as a single person, and she may sue the husband or be sued by him as she would sue or be sued by any other person.
2.  Sale of Land Jointly Owned—Not Susceptible of Partition.—If the wife can sue the husband or the husband the wife to recover a debt, manifestly no obstacle stands in the way of either suing the other to obtain through a court of equity the sale of real property of which they are the joint owners, it being made to appear that the property is not susceptible of division and that the sale cannot be effected by agreement of the parties.

COLE S. MOFFETT for appellant.

J. M. STEVENSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.

This action was brought by appellant in the court below to obtain a decree for the sale of a house and lot in the City of Winchester, of which he and appellee are the joint owners.

It was, in substance, alleged in the petition that appellant and appellee are husband and wife; that the lot in question, which is fully described in the petition, was conveyed to them jointly by a certain deed filed as an exhibit, and that they are in the joint possession of the property, each owning an undivided half thereof; that appellee, without fault on appellant's part, abandoned

him August 1, 1910, and has since lived apart from him; that she refused to consent to a sale or other disposition of the house and lot or to join as a plaintiff in the action to procure a sale under a decree of the court, for which reason she was made a defendant therein.

The petition contains the further averments that the lot is 14½ feet in width and 170 feet in depth and cannot be divided; and that the dwelling house and other improvements thereon were erected wholly with appellant's money and at the cost to him of $425.00. The prayer of the petition asked a reference to a commissioner to ascertain and report the value of the improvements on the lot, and for a decree of sale of the property and division of the proceeds according to the equitable rights of the parties.

Appellee filed a demurrer to the petition which the circuit court sustained, and appellant refusing to plead further the petition was dismissed. Appellant complains of the judgment manifesting these rulings and has appealed.

The record does not give the grounds upon which the court below thus disposed of the case. We have not been favored with a brief from appellee's counsel, but that of counsel for appellant advises us that the demurrer was sustained upon the theory that the law of this State will not permit an action by the husband against the wife or the wife against the husband, for the sale of their joint property.

We cannot concur in the conclusion reached by that court. Kentucky Statutes, sections 2127-2148 inclusive, removes from the wife all disabilities of coverture imposed by the common law in the matter of contracting with other persons, the husband included, subject to the restrictions specified in the statute, and empowers her to sue and be sued as a single person; and she may sue the husband, or be sued by him as she would sue or be sued by any other person.

In Coleman v. Coleman, 142 Ky. 136, (Advance Sheets, February 16, 1911) we had before us the question whether the wife could sue and recover of the husband the amount of certain notes upon which he was indebted to her, the collection and her right to sue for which he was resisting on the ground that they were husband and wife when he became indebted to her upon the notes. In rejecting the husband's contention we, in the opinion, said:

"The question presented for our consideration is, did the fact that appellee and appellant were husband and wife at the time the first note was executed, and when she became the owner of the other three notes by assignment from the administrator of her father's estate, render invalid the several obligations? In our opinion the question must be answered in the negative. The present statute with reference to the contractual and property rights of the husband and wife, known as the Weissinger Act (Ky. Stats. secs. 2127-2143 inclusive) removed from the wife all the disabilities of coverture imposed by the common law in the matter of contracting with other persons, the husband included, subject to the restrictions specified in the statute, none of which prevent her from becoming indebted to the husband or the husband to her; and she may sue and recover of the husband any debt he may have contracted to pay her as she would any other debtor. Long v. Beard, 20 R. 1036; Buckel By, &c. v. Smith, 26 R. 491; Noel v. Fitzpatrick, 124 Ky. 223; Jones v. Louisville Tobacco Warehouse Co. 121 S. W. 633; McWethy's Admr. v. McCright, 141 Ky., ante. It is true that contracts between husband and wife will be closely scrutinized by the courts, and in so far as they impose liability upon the wife, proof of their genuineness and freedom from coercion must be clear and convincing to authorize their enforcement. This is so because notwithstanding the contractual freedom conferred upon the wife by the statute, she is yet more or less under the dominion of the husband by virtue of the closeness and tenderness of the marital relation, and he, if he be an unscrupulous or designing person, may use the advantage thus afforded him to unduly influence and impose upon the wife; therefore, she is entitled to be protected against such machinations by the courts where such judicial interference in her behalf is authorized by the proof."

"The several items of indebtedness asserted by the wife against the husband in this case were created since the present statute became operative, and there is nothing in its provisions that render appellee's obligations to the appellant invalid."

If the wife can sue the husband or the husband the wife to recover a debt, manifestly no obstacle stands in the way of either suing the other to obtain through a court of equity the sale of real property of which they are the joint owners, it being made to appear that the prop-

erty is not susceptible of division and that the sale cannot be effected by agreement of the parties. When appellee, as alleged in the petition, refused her assent to an amicable sale of the house and lot and division of its proceeds, her claim as a joint owner of the property became, in a sense, adverse to that of appellant and their interests being conflicting, the latter could only resort to an action in equity to enforce a sale of the property. As appellee was opposing its sale appellant could not join her as a plaintiff in the action but had the right to make her a party defendant; indeed, it was indispensably necessary that this be done. It is not material that appellee had abandoned him. If she had continued to live with him in the marital state, her refusal to agree to a sale of the lot and division of its proceeds would have entitled appellant to maintain the action by making her a defendant.

As the facts alleged in the petition present a state of case that would authorize a sale of the real estate under section 490 Civil Code, the circuit court erred in sustaining the demurrer to the petition; and this is the only question we are now required to decide.

For the reasons indicated the judgment is reversed and cause remanded with direction to the circuit court to overrule the demurrer to the petition, and for further proceedings consistent with the opinion.