## Luttmer v. Luttmer.

(Decided May 30, 1911.)

## Appeal from Campbell Circuit Court.

1. Husband and Wife—A property contract entered into between husband and wife after they have separated will be upheld if it is free from fraud and overreaching on the part of the husband, and is fairly made and understandingly entered into by the wife. Such a contract under which the wife received absolutely one-third of the property is upheld.

2. Costs and Attorney's Fees—In actions for divorce and alimony the husband must pay the costs of each party, including an attorney's fee for the wife, unless it shall be made to appear that the wife is in fault and has ample estate to pay her costs and attorney's fee.

BRENT SPENCE for appellant.

FRANK V. BENTON for appellee.

Opinion of the Court by Judge Carroll.—Affirming.

In January, 1910, the appellant brought suit for divorce against the appellee upon the statutory grounds that he had habitually behaved towards her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness, and that he had cruelly beat and injured her in such a manner as indicated an outrageous temper in him and probable danger to her life from her remaining with him. She also asked for the custody of her only child, then a boy about thirteen years old, for a reasonable allowance as alimony for the maintenance of the child, and for attorney's fees and costs.

The appellee traversed the petition, and set up that on the 3rd day of August, 1909, he and the appellant entered into a written agreement, settling and adjusting all property rights between them, which agreement also provided that he should have the custody of the child and be chargeable with his maintenance and education.

In a reply, appellant averred that the writing relied on as settling the property rights and the custody of the child was obtained by fraud and duress and its rescission was asked.

In July, 1910, the appellee filed an amended answer and counterclaim, in which he sought a divorce from appellant on the ground of abandonment for one year.

Upon the issues made by the pleadings, the case was prepared for trial, and a judgment entered dismissing the appellant's petition and awarding appellee a divorce upon his counterclaim. It was further adjudged that the appellee should pay the costs of the action, and an attorney's fee of one hundred dollars to appellant's attorney—no mention being made of the child. Of this judgment both parties complain. The appellant (1) because the contract concerning the property was not set aside and a suitable allowance made to her for alimony, (2) because the custody of the child was not awarded to her or some disposition made that would enable her to have a part in his education and training, (3) because the allowance to her attorney was not adequate. The

appellee complains of so much of the judgment as requires him to pay the costs and attorney's fee.

The parties to this controversy were married in 1896, and there was born to the marriage only one child. As the judgment granting appellee a divorce cannot be disturbed, it would serve no useful purpose to comment on the evidence, much of which was incompetent and irrelevant. We may say, however, as pertinent to the asserted right of appellant to be awarded the custody of the child, that there is evidence showing that she is not a suitable person to have charge of his training or education. The parties lived together as man and wife from the time of their marriage until June 3rd, 1909. On this date the causes that had for some years been operating to bring about a separation culminated in the refusal of appellant to cohabit with or have further marital relations with appellee, and the abandonment upon which appellee was granted a divorce occurred on this date. On August 3, 1909, the parties entered into a written contract, which provided in substance that appellee should pay to appellant $500.00, and to convey to her free from any right or claim of his a certain described parcel of land worth about $1,800.00. She was also given all of the furniture except one bedroom set. The agreement further provided that she released all right and claim to certain other parcels of ground, and each surrendered any right to property thereafter acquired by the other. It was further agreed that—

"The said William F. Luttmer shall have the care and custody and be chargeable with the maintenance and education of William F. Luttmer, Jr., age twelve years, son of the parties hereto, and he shall be sent to the Ohio Military Institute or some other like institution of learning. It is further agreed that the said William Luttmer will not under any circumstances use any influence to prevent said child from visiting his mother when he is at home from school, and that each may visit said child at said institute as often as each may desire, and that neither will take any steps to prevent or interfere with said visits." ·

In compliance with this agreement, there was conveyed to the respective parties the real estate each was to have, and the money and personal property allowed

appellant was paid and given to her in accordance with the terms of the contract. In short, so far as the property was concerned, the terms of the contract were fully performed by both parties. Under it the appellant received real and personal property worth about $2,300.-00, and the appellee received property worth between five and six thousand dollars. In other words, under the agreement the appellant received absolutely about one-third of the estate. The property thus divided has been saved out of the earnings of appellee, but until within the last few years of their married life the appellant by her industry and good business judgment and habits contributed no little to its accumulation. After the parties had legally separated, and there was no probability that they could again live together as man and wife, the arrangement about the property was entered into. and we think the evidence supports the view that the contract was fully understood and consented to by appellant, who in adjusting this matter had the assistance and advice of her brother, an attorney-at-law, and other members of her family. It cannot fairly be said that appellant was induced to enter into the contract by fraud or duress or other improper influences. The appellant understood as well as appellee the value and character of the property owned by each, and the contract which was executed after a full and fair consideration represents an equitable and proper disposition of the property rights between these parties. Contracts like the one involved in this case when free from fraud and overreaching on the part of the husband, fairly made and understandingly entered into will be upheld. Loud v. Loud, 4 Bush, 453; Parsons v. Parsons, 23 Ky. L. R., 223; Bohannon v. Travis, 94 Ky., 59.

Much complaint is made by counsel for appellant that the appellee in violation of the letter as well as the spirit of the contract has poisoned the mind of the child against his mother, and exerted his influence to prevent the mother from seeing or receiving visits from her child. The conduct of appellee in introducing the child as a witness in his behalf is also severely criticised. It is apparent from the evidence that the child has now little or no affection for his mother, and it is unfortunate that he should have been called on as a witness to testify to the unhappy relations existing between his par-

ents. It is also entirely reasonable to assume that the appellee has produced in the mind of the child an antipathy for his mother, and yet when her misconduct is considered it is not singular that the boy, who is old enough to appreciate and understand the duties and obligations of a wife and mother should be prejudiced against her and naturally partial to his father with whom he lived on terms of the closest intimacy. The boy has now arrived at an age when it would be impossible for the court to undertake by its orders to direct or control his relation or association with his mother, and doubtless influenced by this reason the judgment did not make any mention of the custody or care of the child. If he desires to visit his mother, he is at an age when he can do so of his own volition, there is no insurmountable obstacle in the way of the mother re-establishing herself in the confidence and affections of her son, and it is natural to believe that this boy will not forget or forsake her if she mends her ways and manifests a disposition to be worthy of his love and respect. But whatever the result may be, it is plain that the age of the boy puts the situation beyond the power of the Court to control. To the mother and the son its solution must be left.

For appellee it is insisted that as the wife was in fault and had ample estate it was error for the court to adjudge that he pay the costs and her attorney's fee. In section 900, Kentucky Statutes, it is provided that—

"In actions for divorce and alimony, the husband shall pay the costs of each party unless it shall be made to appear in the action that the wife is in fault and has ample estate to pay the same."

While it may be conceded that the wife is in fault, we are not disposed to hold that in the meaning of the statute she was possessed of such ample estate as denied her the right to recover from her husband attorney's fees and costs; nor do we think the stipulations of the marital agreement precluded the court from adjudging against the appellant this cost.

Upon the whole case we are not disposed to disturb the judgment of the lower court, and so it is affirmed on both appeals.