## Brown v. Allen.

(Decided July 1, 1924.)

## Appeal from Mercer Circuit Court.

1.  Husband and Wife—Specific Performance—Contract by Wife alone, to Sell Her Land Unenforceable, though Divorce Obtained Before Time for Performance.—A contract to sell her land by a married woman without husband joining was void and unenforceable, though she obtained divorce before date of performance, and she could not obtain specific performance, in view of Ky. Stats., sections 506, 2128; there being no mutuality.

2.  Contracts—Mutuality Essential to Executory Contract.—Mutuality is an essential element of an executory contract, and, if one party is not bound, neither is bound.

3.  Specific Performance—Defendant in Action for Specific Performance Entitled to have Lien on Land Enforced Under Counterclaim.—In action for specific performance of contract to purchase land, defendant was entitled by counterclaim to have a lien on land enforced for payment of notes due; contract sought to be enforced being unenforceable.

JAMES H. POLSGROVE and E. H. GAITHER for appellant.

C. E. RANKIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant, Esther Belle Brown, of Mercer county, in 1922 was the owner of a large tract of valuable farming land which she contracted to sell to appellee, W. E. Allen, at the price of $80.00 per acre, the purchaser to assume a lien indebtedness of $13,969.09 with interest, then held by the Fayette National Bank, the balance to be paid to appellant in fixed amounts at designated times. The contract was reduced to writing and signed by both Esther Belle Brown and W. E. Allen on February 21, 1923. At the time of the making of the contract and for some time previous thereto and thereafter William E. Brown was the husband of Esther Belle Brown, but they were not living together. He was asked to sign the contract for the sale of his wife's land but declined to do so. Thereupon the parties entered into another written contract for the sale and purchase of the same land, in which contract the original contract was referred to, it being recited that "whereas, for reasons known to all parties hereto, the said first parties were unable to convey said property upon said date (February 21, 1923),

now this contract, made and entered into this the 1st day of March, 1923, by and between Mrs. Esther Belle Brown and Clarence Julian, agent, parties of the first part, and Dr. W. E. Allen of Mercer county, Kentucky, party of the second part, witnesseth: That the parties of the first part reaffirming said contract filed herewith and made part of this contract the same as if copied at length herein, etc.'' The writing then proceeds to incorporate part of the original contract. It shows that the first party, Esther Belle Brown, ''shall convey said property to said second party by general warranty deed, which shall be a reasonable time from the date hereof, it being understood that if first parties are unable to convey said property to said second parties within a reasonable time, which for the purpose of this contract shall not be more than twelve (12) months after date hereof, second party may treat this contract as a rental contract by paying to the first parties six per cent. (6 per cent.) interest on $28,946.60, the purchase price of the said property for the time he holds possession of said property, to first parties.''

Soon after the last contract was made appellant Esther Belle Brown sued her husband for divorce in order to enable herself to convey the property and to avoid the effect of sections 506 and 2128, Kentucky Statutes, which renders the contract of a married woman to sell her lands void unless her husband joins with her, or first conveys the property. The husband contested the right of the wife to divorce and the prayer of her petition was denied. She appealed to this court, but being unable to secure an advancement of her cause for early hearing she abandoned the appeal and induced her husband to file a counterclaim in the divorce suit pending in the circuit court. This he did for the alleged consideration of $5,000.00, on January 19, 1924. The wife did not contest his right to divorce, and a divorce was granted him in accordance with the prayer of the counterclaim. Having relieved herself of the disabilities incident to coverture Mrs. Esther Belle Brown tendered a deed to appellee Allen for the land, and when he refused to accept it, she commenced this action in the Mercer circuit court against him for specific performance of the contract whereby she undertook to sell to him and he to purchase her farm, and prayed that he be adjudged to pay the purchase price in accordance with the terms of the contract to which we have referred.

Appellee Allen defended upon several grounds, but chiefly he insisted that at the time of the making of the contract which she sought to have enforced against him she was a married woman under statutory disabilities and her contract to sell the land to him was void because not joined in by her husband, William A. Brown, and being void as to her it was not binding on appellee Allen because it lacked mutuality and therefore equity would not require it to be specifically performed. While not admitting that the contract was void for the reasons above stated appellant sought to hold appellee solely by reason of the fact she tendered a sufficient deed before March 1, 1924. In answer to this appellee Allen insists that the contract was void *ab initio* and could not. therefore be ratified.

The inability of a married woman by contract to sell or convey her real property without the cooperation of her husband is fixed by section 2128, Kentucky Statutes, which says "she may make contracts, sue and be sued as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real property, unless her husband joins in such contract." This section of the statutes has been construed many times by this court, holding that the executory contract of a married woman to sell and convey her real property was absolutely void where her husband did not join in the writing. Coleman v. Coleman, 142 Ky. 36; Miller v. McLin, 147 Ky. 248; Niles v. Niles, 143 Ky. 94; Hoffman v. Colgan, 74 S. W. 724; Farmers' Bank v. Richardson, 171 Ky. 340.

It is also provided in section 506, Kentucky Statutes, "that the conveyance of a married woman may be by a joint deed of herself and husband," or "by separate instrument; but in the latter case the husband must first convey or have theretofore conveyed." Construing this section we have held that the conveyance of a wife of her general estate must be made in the manner pointed out therein, and a deed executed by the wife alone is invalid. Bohannon v. Travis, 94 Ky. 59; Newby v. Cox, 81 Ky. 58. In Weber v. Taner, 23 R. 1107, we held that a deed of a married woman in which the husband does not join is void and passes no title. See also Beverly v. Waller, 115 Ky. 596; Mays v. Pelly, 125 S. W. 713; Mounts v. Mounts, 155 Ky. 363; Potter v. Stanley, 187 Ky. 292.

If, at the time of the making of the contract which appellant now seeks to enforce, she was disqualified by the statutes, sections 506 and 2128, to enter into an executory contract for the sale of her lands and was not therefore bound by the writing, which is the subject of this litigation, it follows that the party with whom she contracted was not bound, for it is elementary that mutuality is an essential element of such contracts, and that if one party to it is not bound neither is bound. Ochs v. Crammer, 107 S. W. 260; Berry v. Frisbie, 120 Ky. 337.

While the contract was in this condition and before appellant obtained a divorce from her husband, appellee Allen in December, 1923, notified appellant in writing that he would not take the land under his written option but would treat the contract as one of rental only. He thus manifested his good faith by informing appellant of his intention to withdraw from the arrangement and to allow her to sell or convey her property to another. At any rate she was not at that time nor for some weeks thereafter qualified to sell and convey her real estate, her divorce not having been granted until the following January.

Appellee Allen, who owned something more than $13,000.00 worth of purchase money notes against the land of appellant, and which notes were due at the time he filed his answer and counterclaim, included the said notes in his counterclaim and sought to have his lien on the land enforced for the payment of the notes. The trial court so adjudged and directed a sale of the land for the satisfaction of the lien obligation. As the notes were past due we see no reason why appellee was not entitled to this relief.

Appellee, Esther Belle Brown, was not entitled to specific performance of the contract, which because of her disabilities, was unenforceable against her.

Judgment affirmed.