## Johnson's Administrator v. Johnson.

(Decided November 29, 1929.)

STEPHENS & STEELY, REUBEN JOHNSON and T. B. CULTON for appellant.

BEGLEY, HAMILTON & LUKER for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Reversing.

W. D. Johnson, a resident of Laurel county, Ky., died in October, 1928. On December 5, 1928, his widow, the appellee, Julia R. Johnson, instituted this action against the administrator of his estate seeking by mandatory injunction to require him to pay her the sum of $750 allowed to her, as widow under section 1403, Kentucky Statutes, alleging that he had failed and refused to set apart and pay to her that sum, and would not do so, unless compelled by the orders and process of the court. After filing a motion to dismiss the petition, as permaturely brought, and a general demurrer to the petition, without waiving either, the defendant filed an answer traversing the petition, and in a second para-- graph pleaded and relied upon the following contract, embraced in a deed executed by plaintiff and her deceased husband, in bar of her right to the relief sought:

"This indenture made and entered into this the 14th day of February, 1911, by and between Julia R. Johnson and W. D. Johnson, her husband, of London, Laurel County, Kentucky, parties of the first part and E. H. Johnson of London, Laurel County, Kentucky, party of the second part:

"Witnesseth: That whereas, W. D. Johnson, one of the parties of the first part herein, did heretofore and before he was married to the said Julia R. Johnson, the other party of the first part, convey to her one certain tract or parcel of land hereinafter described, in consideration of the marriage of the said Julia R. Johnson, to the said W. D. Johnson, and whereas, the said Julia R. Johnson and W. D. Johnson, parties of the first part, have agreed between themselves that for and in consideration of the sum of $1,000.00 (One Thousand Dollars) cash in hand paid by the said W. D. Johnson, to the said Julia R. Johnson, his wife, that the said Julia R.

Johnson, sell, transfer, assign and convey the said tract or parcel of land hereinafter mentioned and hereinafter described to the said W. D. Johnson, in consideration of one thousand ($1,000.00) dollars, above mentioned release and relinquish to the said W. D. Johnson, all the right, title or interest that she may now have by reason of her marriage to the said W. D. Johnson, in any other real property and in all real property now owned by the said W. D. Johnson, or that he may hereinafter acquire or become possessed of including therein her inchoate right to dower and homestead in all the property herein mentioned or described or referred to as well as all the right title to or interest in the personal estate of the said W. D. Johnson, now held or owned by him or hereinafter to be acquired by him, said parties of the first part, sell, assign, transfer and convey unto the said E. H. Johnson, party of the second part on condition that he will immediately convey, transfer and assign by and all of the land property rights, and interest herein mentioned set out or described to the said W. D. Johnson, one of the parties of the first part herein without any other consideration whatever, paid to the said E. H. Johnson, than that hereinafter mentioned the following tract or parcel of land situated lying and being in Laurel County (then follows description of land) together with all the rights title to or interest in all other real property now owned by the said W. D. Johnson, including therein the inchoate right to dower and homestead owned and held by the said Julia R. Johnson, as the wife of the said W. D. Johnson, in all the real property now held or hereinafter to be acquired and owned or held by the said W. D. Johnson, as well as all the right, title to, or interest in any personal property now held or owned by the said W. D. Johnson, or hereinafter to be acquired and held and owned by W. D. Johnson, due or coming due to the said Julia R. Johnson, by reason of the marriage relations between the said Julia R. Johnson and W. D. Johnson.''

Plaintiff filed a demurrer to the second paragraph of the answer, and, without waiving it, filed a reply, in which she sought to avoid the contract on the ground that the land described in it was her own property, and was of the value of more than the $1,000 paid to her by

her husband; that at the time the contract was executed they were husband and wife, and continued to live together as such until August 18, 1913, when they separated and she removed to Missouri, where she resided for two and one-half months; that she then returned to Laurel county, she and her husband became reconciled and continued to live together, as husband and wife, until a short time prior to his death; and that, because the contract was made while they were husband and wife, and by reason of their separation and reconciliation, the contract was null and void, inoperative, and of no effect, and could not and should not be enforced.

On December 24, 1928, a trial was had, the testimony being heard orally before the court, at the conclusion of which an order was entered overruling the demurrer to the petition and sustaining the demurrer to the second paragraph of the answer; and thereupon a judgment was entered granting plaintiff the relief sought, ordering and directing the defendant to immediately pay over to plaintiff's attorney the sum of $750, less the sum of $15 value of a stove belonging to the decedent's estate, which the evidence showed plaintiff had taken into her possession. The administrator has appealed.

On October 14, 1929, appellant filed motion, supported by affidavit, to advance and submit and return this case to the Laurel circuit court for further preparation, on the ground that the children and heirs at law of the decedent were not parties to this action, and that, since the appeal hereof, the appellee had instituted in that court an action to settle the estate of the decedent, in which she made the heirs at law parties; and that this case should be consolidated with that case and both cases heard on the merits. This motion was passed to the hearing of the case on its merits in this court, and it will be disposed of by this opinion.

Whether the contract is, as appellant suggests, a jointure, and subject to the provisions of section 2136, Kentucky Statutes, need not be determined, as, since the enactment of section 2128, Kentucky Statutes, known as the Wessinger Act, it has been consistently held by this court that the wife is empowered to contract with her husband the same as if she were an unmarried woman, including the right to voluntarily contract with her husband for a portion of his estate in lieu of dower and distribution (Coleman v. Coleman, 142 Ky. 36, 133 S. W.

1003; Niles v. Niles, 143 Ky. 94, 136 S. W. 127) ; and it is now the rule in this jurisdiction that, where the wife and husband freely and voluntarily enter into a contract by which the wife, uninfluenced by fraud or deceit, in consideration of certain property conveyed or devised to her by the husband, agrees to relinquish her dowable and distributable interests in his estate under the statute, it will be binding upon the wife.

In Redwine's Executor v. Redwine, 160 Ky. 282, 169 S. W. 864, 867, Ann. Cas. 1917A, 58, after announcing the rule just stated, it is said:

> "Having this view of the matter, we hold that where the wife, uninfluenced by fraud or deceit, upon a sufficient consideration, freely and voluntarily agrees to accept a conveyance or devise of property in lieu of her dower and distributable share of her husband's estate, and the husband executes his part of the contract by conveying or devising, as the case may be, to the wife the estate she so agreed to accept, she cannot, after his death, voluntarily set aside her contract by merely observing the form of relinquishment provided in (section 2136 of) the statute."

It is insisted by appellee that the $1,000 paid by her deceased husband to her was in consideration of the tract of land which she conveyed to her husband through E. H. Johnson, and that there was no consideration moving to her for her relinquishment of dower and her distributable share in his estate. But there is no plea on behalf of appellee of fraud or mistake in the execution of the contract, nor any plea of no consideration as to her.

She sought to avoid the contract solely on the ground that at the time of its execution she and W. D. Johnson were husband and wife, and that on or about August 18, 1913, after its execution they separated and lived apart for two and a half months. There is no claim .that, following this separation, she and her husband were divorced. On the contrary, she alleges that they became reconciled and lived together as husband and wife continuously thereafter until shortly before his death. This separation could not, nor could any mere separation, no matter how long continued, sever the marriage relations so as to avoid or render inoperative or of no effect the contract theretofore entered into.

While it has been said that contracts between husband and wife will be closely scrutinized, and that proof of their genuineness and freedom from coercion must be clear and convincing (Coleman v. Coleman, supra), and that such a contract will not be enforced in equity in favor of either party, unless it be fair and just and founded on a valuable consideration (Bohannon v. Travis, 94 Ky. 59, 21 S. W. 354, 14 Ky. Law Rep. 912), yet, when such a contract is sued on, or relied on in defense of a claim asserted in opposition to its provisions, it must be enforced, if fair on its face, in the absence of a plea of fraud or mistake in its execution, or a plea of no consideration to the party who seeks to avoid it.

It is clear, therefore, that the court erred in sustaining the demurrer to the second paragraph of the answer. The contract relied on is valid, and under the pleadings presented a complete defense to the cause of action asserted in the petition.

Wherefore the judgment is reversed, with directions to dismiss the petition.