Lucy M. KING, Administratrix et al.,
Appellants,

v.

Arthur J. KING et al., Appellees.

Court of Appeals of Kentucky.

Nov. 5, 1954.

Rehearing Denied Feb. 11, 1955.

C. C. Adams, Williamstown, John L. Vest, Vest & Vest, Walton, for appellants.

L. M. Ackman, Williamstown, for appellees.

COMBS, Justice.

Lucy M. King was married to Thomas N. King in 1939. They lived together as husband and wife until the fall of 1942 when difficulties arose and in contemplation of divorce they executed a separation agreement by which they settled their property rights. A divorce was granted to Lucy King in February, 1943, and the separation agreement previously executed was made part of the judgment. On joint application of the parties, six days later, the divorce decree was set aside but no mention was made of the property settlement agreement. Thereafter the parties lived together as man and wife until the death of Thomas N. King five years later. Lucy King, as administratrix of the estate of her husband, filed suit to settle the estate and asked for the allotment of her dower and the allowance to her of the widow's statutory exemption of $1,500. The defendants, who are brothers and sisters of Thomas N. King, pleaded the property settlement as a bar to her recovery and asked that the property of the deceased be sold and that the proceeds be divided among the heirs. The chancellor held that Lucy King is bound by the property settlement and that she has no claim against her husband's estate. She has appealed.

By the terms of the 1942 property settlement, Thomas King obligated himself to convey to his wife, Lucy, a house and lot in Williamstown in consideration of her conveying to him her interest in a farm owned jointly by them. The contract provided that Lucy waived all right to dower and homestead in her husband's real estate, and her distributable share in his personalty "so that each shall have the same control of their property as though they were single and unmarried." The property settlement agreement was completely executed by the making of reciprocal deeds by the parties through a trustee as amanuensis. Thomas King took possession of the farm and later sold it; Mrs. King took possession of the Williamstown property and still has it.

Mrs. King contends that the reconciliation of the parties and the annulment of the divorce decree nullified the property settlement and that she is entitled to her distributable share in the property left by her husband. She also claims title to the house and lot which she received through the property settlement, but her claim to this property apparently is based upon a survivorship clause in the deed by which she and her husband acquired it, rather than under the terms of the property settlement.

There is no legal prohibition against a husband and wife entering into a contract fixing their property rights in contemplation of an immediate separation. Cole v. Waldrop, 204 Ky. 703, 265 S.W. 274; Luttmer v. Luttmer, 143 Ky. 844, 137 S.W. 777. It is usually held, however, that if the parties subsequently become reconciled and resume cohabitation, the property settlement is thereby rescinded and nullified. Hendricks v. Hendricks, 4 Ky.Law Rep. 724; Hoskins v. Hoskins, 201 Ky. 208, 256 S.W. 1; Annotations 85 A.L.R. 420. But there is an exception to the last rule. The exception arises in those cases where the provisions of the property settlement agreement have been completely executed. As pointed out in Ray v. Ray's Ex'x, 249 Ky. 347, 60 S.W.2d 935, where the terms of the property settlement have been executed and the parties subsequently become reconciled and resume cohabitation, the court will look to the intention of the parties to determine whether it was intended that the reconciliation should nullify the property settlement. Also see Smith v. Terry, 38

App.Div. 394, 56 N.Y.S. 447; Hagerty v. Union Guardian Trust Co., 258 Mich. 133, 242 N.W. 211, 85 A.L.R. 417. In this case, each of the parties took possession of a separate piece of real estate according to the terms of the property settlement and treated it as his or her individual property both before and after the reconciliation. Thomas King, apparently without objection by his wife, sold the farm which he received and she has continued to exercise dominion over the house and lot received by her. It has been said that the intention of the parties to a contract can best be ascertained by the construction the parties themselves place upon it. We conclude that Mr. and Mrs. King intended that the property settlement agreement should remain in effect after the reconciliation.

Mrs. King also contends that regardless of the separation agreement she is entitled to the widow's exemption of $1,500 under KRS 391.030. Although it has been said that the widow's statutory exemption is hers individually and is not considered as part of her husband's estate, Blades v. Blades, 289 Ky. 556, 159 S.W.2d 407, it is also the rule that a wife may by separation agreement relinquish her right to the statutory exemption. Johnson's Adm'r v. Johnson, 231 Ky. 740, 22 S.W.2d 124; In re Burridge's Estate, 261 N.Y. 225, 185 N.E. 81. The intention to relinquish must be clearly shown but it is not necessary that any particular words be used. Deller v. Deller, 141 Wis. 255, 124 N.W. 278, 25 L.R.A.,N.S., 751; Rieger v. Schaible, 81 Neb. 33, 115 N.W. 560, 17 L.R.A.,N.S., 866; Annotation 34 A.L.R.2d 1045. In the Johnson case, cited above, the wife relinquished all her interest in her husband's real property, including dower and homestead, as well as any interest she might have in his personal estate. It was held that this was a relinquishment of the widow's statutory exemption. Here, Mrs. King, by the terms of the contract, waived all right to dower and homestead in her husband's real estate and also her distributable share in his personalty "so that each shall have the same control of their property as though they were single and unmarried." We

think the Johnson case is controlling and that Mrs. King relinquished her right to the statutory allowance.

We do not regard the other questions raised by appellant of sufficient importance to require discussion.

The judgment is affirmed.