Addie Jewell GOODAKER, Appellant,

v.

Madalyn Goodaker LITTELL, Appellee.

Court of Appeals of Kentucky.

June 20, 1958.

Franklin & Franklin, Madisonville, for appellant.

Nichols & Nichols, Madisonville, for appellee.

MILLIKEN, Judge.

This case involves the legal effect of a separation agreement between a husband and wife which allegedly was discovered after the final settlement of the husband's estate had been confirmed; it pits the daughter of the deceased against her stepmother, who was the administratrix of the estate of the deceased. The trial court concluded that the separation agreement was still in effect, and adjudged that the daughter was entitled to the property the widow claimed as her dower.

The appellant, Addie Jewell Goodaker, and Owen Goodaker were married in 1941. In 1946 they had serious marital trouble and Addie filed suit for divorce. Subsequently they executed a separation agreement by which she agreed to "release and relinquish all claims, right, title or interest which she has, or may have, by way of dower, alimony, maintenance or otherwise, in and to any and all other real or personal property owned, or to be acquired" by her husband, Owen, in consideration of his conveyance to her of his individual interest in their home, the release of his dower interest in an adjoining lot, and the bulk of their household furnishings. Owen fulfilled his part of the separation agreement, and Addie still retains the ceded property. The divorce action was not pursued, the parties resumed cohabitation, and Addie performed her wifely duties, including caring for Owen until his death in 1953 after a protracted illness.

The rule followed in this jurisdiction is that a reconciliation of the spouses and resumption of cohabitation by the parties to a separation agreement nullifies the agreement except in those instances where the provisions of the agreement have been completely executed, unless the court can determine from other evidence the real intention of the parties. King v. King, Ky., 274 S.W.2d 656. Here, the agreement was fulfilled by the husband at the time of the signing of the agreement. It is the pleading of the appellant, widow, that her husband orally agreed to permit her to waive her relinquishment of her dower rights if she returned to him, and she is supported in this contention by the testimony of her son and daughter-by-law.

Regardless of whether the testimony of the son and his wife is competent as to the alleged oral agreement reached between the deceased and his wife, Addie, other evidence offered by the son possibly indicates that the deceased may have considered the separation agreement to have been nullified by the reconciliation of the parties. For example, from 1951 through 1953, three pieces of real estate were sold by Owen and Addie signed each of the deeds. The testimony of two other witnesses also supports the contention that the deceased had considered the separation agreement nullified. However, it is just as reasonable perhaps to conclude that the wife, Addie, was merely fulfilling her obligation under the contract to release her inchoate dower when she signed the deeds.

The trial judge concluded in a written opinion that the fact that Addie did not deed back to her husband the interest in real estate he had deeded to her was rather convincing evidence that the parties did not intend to abrogate the agreement when they became reconciled. Furthermore, he observed that the written agreement had not been destroyed. Citing Broughton v. Broughton, 203 Ky. 692, 262 S.W. 1089, he refused to accept the testimony about the oral agreement to abrogate the written separation agreement as a trustworthy basis for setting it aside.

■ Confronted as he was with such conflicting and untrustworthy evidence, the trial judge's conclusions are so reasonable we cannot set them aside as "clearly erroneous." CR 52.01. We do not find it necessary to discuss other points raised.

The judgment is affirmed.