**Carroll B. HALL, etc., Appellants,**

v.

**Katherine B. HALL, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1959.

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellants.

Carroll S. Franklin, Franklin & Franklin, Madisonville, for appellee.

MONTGOMERY, Chief Justice.

This appeal concerns the legal effect of a separation agreement. The dispute is between the son and the widow, she being the stepmother, of C. B. Hall, deceased. The appeal is from a judgment which held that the separation agreement had been canceled.

C. B. Hall and Katherine B. Hall, appellee, were married in 1941. They had marital difficulties in the latter months of 1950. A separation agreement was written by the decedent and executed by both parties on December 21, 1950. By its terms, appellee accepted certain property as set forth in the contract in full and complete settlement of any and all rights in any other property belonging to her husband. Appellee was to have received a 1950 Chevrolet automobile, $1,536 in cash, one-half of certain United States Savings Bonds amounting to $750, and certain articles of household furniture.

A separation of three weeks followed the execution of the contract. Appellee and the deceased then became reconciled, and continued to live together until his

death on December 30, 1952. He died intestate. Appellant and appellee qualified as joint personal representatives of the estate.

This action for a declaration of rights was brought by appellant, who insists that the agreement is valid and the appellee should have only the property set forth in the agreement. Appellee claims that the agreement was rescinded by the reconciliation and that she is entitled to share in the estate as the surviving widow. The decedent owned other personal property and several parcels of real estate. The lower court held that the parties intended that the agreement be annulled and ordered that appellee return any property obtained under the contract. Appellee sought to cross-appeal from so much of the judgment as required her to return the bonds which were held jointly.

■ A reconciliation by the parties to a separation agreement and resumption of cohabitation nullify the agreement except in those instances where the provisions of the agreement have been completely executed, unless the court can determine from other evidence a different intention of the parties. Goodaker v. Littell, Ky., 314 S.W. 2d 539; King v. King, Ky., 274 S.W.2d 656.

The car was purchased by the decedent, with bill of sale and license in his name. It remained so until after his death when it was licensed by appellee in her name as administratrix. Both before and after the separation, decedent listed the car for taxes in his name. The furniture was never moved from the home. After the reconciliation, both parties continued to use the car and furniture as they had before the separation.

■ The judgment ordered appellee to restore to the estate $1,500 in United States Government Savings Bonds. These bonds had been purchased by the decedent in the names of C. B. Hall or Katherine B. Hall. Under the agreement, appellee was to receive one-half of the bonds, with the other half to be retained by C. B. Hall. It was shown that appellee kept possession of the bonds following the reconciliation. Appellee sought to cross-appeal from so much of the judgment as ordered her to return the $1,500 in bonds. She filed notice of a cross-appeal but failed to prosecute it, in that no tax as required by KRS 142.011(1) was paid and no bond on appeal was executed as provided in CR 73.05. CR 74. The question sought to be raised by the attempted cross-appeal is not considered.

After the reconciliation, C. B. Hall purchased a one-half interest in a filling station for $6,000. Appellee gave her check in the sum of $2,500 in part payment of this purchase. The conveyance was made to them jointly. Appellee claims that this constituted a return of the $1,536 which she had received in cash and a loan to the decedent for the remainder of the $2,500. Appellant urges that inasmuch as appellee received a one-half interest in the property her payment did not constitute a return of the $1,536.

The trial court considered the purchase by C. B. Hall, with the conveyance of the property to him and his wife jointly, as strongly indicative that the agreement had been annulled. The grantor of the property and one other witness testified that the decedent said that he and his wife had gone back together, the separation had been called off, and everything was as it had been before the separation. While there was evidence in conflict introduced by appellant, the trial court held that "the weight of the testimony * * * shows that the parties intended that the separation agreement should be annulled." Such decision is correct.

An examination of the record discloses that there is no merit in appellant's argument that evidence was erroneously admitted.

■ Appellant insists that the separation agreement could not be abrogated in

so far as to restore to appellee her rights to an interest in the real estate of the decedent because of the statute of frauds. In Hicks v. Oak's Adm'r, 233 Ky. 27, 24 S.W.2d 917, 921, it was held "that a contract, although required by the statute of frauds to be in writing, may be modified, abrogated, or rescinded by a parol agreement."

The contention that appellee should be charged rent for the use and occupancy of the house is unsound. The surviving widow is entitled to occupy the dwelling house until dower is assigned. KRS 392.050. No dower had been assigned.

The costs were adjudged against the appellant, about which he complains. The issue in the contest was whether or not the agreement had been annulled. Appellee won; therefore, the costs were charged correctly to the appellant.

Judgment affirmed.